## DIEDRICH MEYER, Appellant, v. PULITZER PUBLISHING COMPANY, Respondent.

**St. Louis Court of Appeals, April 4, 1911.**

1. **PRINCIPAL AND AGENT: Contract of Agency: Consideration.** Where a carrier on a newspaper route assigns his rights thereto to another, in consideration of the latter's paying to the newspaper company an amount owing by the carrier for subscriptions collected, such payment is payment to the carrier and not to the company, and is insufficient to introduce an element of consideration into the arrangement by which the company appointed such assignee as its agent on such route.

2. ———: **Indefinite Contract: Right to Terminate Agency.** A contract of agency which is indefinite as to duration may be terminated at any time by either party to it.

3. ———: ———: ———: **Agency Coupled with Interest.** A contract of agency which is indefinite as to duration cannot be summarily terminated by the principal, where the agent has acquired an interest in the subject-matter of the agency, but an interest sufficient to render the agency irrevocable must be an interest in the thing itself or in the property which is the subject of the agency, and a mere interest in the results or proceeds of the execution of the authority, as compensation, is not enough; and hence a newspaper carrier having a commission contract to deliver newspapers and take subscriptions does not have an agency coupled with an interest.

4. ———: ———: ———: **Recouping Agent for Initial Outlay.** While a principal may revoke an agency for an indefinite time, yet, if the agent has made expenditures in the matter of the agency without having a sufficient opportunity to recoup them, the principal must compensate him; but that rule applies only when he has not had a reasonable opportunity to recoup his preliminary expenditures, and hence it has no application to one who paid $45 to secure an indefinite agency for a newspaper and who enjoyed the agency for eleven years, during which time it yielded him considerable profit.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*Charles Fensky* for appellant; *Henry E. Haas* of counsel.

(1) The court erred in treating the contract in suit as a contract of employment and in instructing the jury that defendant had a right to discharge plaintiff under certain circumstances. Plaintiff had a property right in his route, paid for by valuable consideration, and the contract could not be revoked, even for cause, without payment to plaintiff of the reasonable value of his vested interest. 1 Am. and Eng. Ency. of Law (2 Ed.), 1217; Bishop on Contracts, sec. 1051; Mechem on Agency, sec. 114; Story on Agency, sec. 477, et seq.; Culbertson v. Young, 86 Mo. App. 277; Door Co. v. Fuelle, 215 Mo. 422; Jones v. Williams, 139 Mo. 40; Glover v. Henderson, 120 Mo. 368; McCray & Son v. Pfost, 118 Mo. App. 672; South v. Kerman, 5 Weekly Law Bul. 145; Powell v. Plank Road Co., 24 Ala. 441. (2) Forfeitures are not favored by the law and plaintiff's property right should be protected if possible. 17 Am. and Eng. Ency. of Law, 18, and cases cited in note 3; Culbertson v. Young, 86 Mo. App. 277. (3) The court erred in refusing to give plaintiff's instruction No. 5 on the question of custom and usage between defendant and its carriers, concerning the sale and transfer of routes. There is ample evidence in the case as to what this custom was and plaintiff had a right to have the jury instructed on this point. Failure to give proper instructions when asked is error. Thompson on Trials, sec. 2347.

*Judson & Green* for respondent.

(1) The trial court should have sustained defendant's demurrer to the petition and also the demurrer to the evidence at the close of the case, because the contract sued on was one of indefinite duration, and either party thereto could terminate it at any time. Grocery Co. v. Royal Remedy Co., 90 Mo. App. 53; Henderson v. Glover,

120 Mo. 367; Coffin v. Londis, 5 Phila. 176; Irish v. Deen, 39 Wis. 562; Echols v. New Orleans, 52 Miss. 610.   (2) As plaintiff admitted that he had been permitted to enjoy all the privileges of this contract for a period of eleven years at a large annual profit to himself, he could not recover damages on the ground that defendant had terminated it before he had been given an opportunity to regain in profits the amount originally expended in acquiring the privileges of the contract.   Henderson v. Glover, 120 Mo. 367; Davis v. Barr, 12 N. Y. St. 111; Buster v. Smith, 35 Miss. 457.

NORTONI, J.—This is a suit for damages said to have accrued to plaintiff through the alleged wrongful conduct of defendant in revoking his agency and appropriating a newspaper route theretofore occupied by him to its use.   The verdict and judgment were for defendant and plaintiff prosecutes the appeal.

Defendant corporation owns and publishes a daily newspaper in the city of St. Louis under the name of the St. Louis *Post-Dispatch,* and plaintiff has for many years pursued the occupation of selling and delivering newspapers on Route No. 80 in St. Louis.   It appears defendant has parceled the city into districts for the purpose of selling and delivering its paper and designated by number the various routes therein canvassed by its agents.   About March, 1896, one Burtscher was defendant's agent and carrier on Route No. 80 and as such supplied a list of about seventy-five patrons with its paper during six days in the week and about seventy with the Sunday issue thereof.   Under the arrangement between defendant and Burtscher, defendant furnished its paper for six days in the week to him at one-half cent per copy and the Sunday issue at two and one-half cents each, with authority to Burtscher to dispose of the paper issued during the secular days of the week at one cent per copy and for that on the Sabbath at five cents each.   One-half of the amounts thus collected was re-

tained by Burtscher as his compensation for services rendered, and the obligation rested with Burtscher to collect for all papers delivered and defray the expense incidental to the route of delivery. If a loss occurred, it was to be borne by Burtcsher, as defendant required compensation for all papers delivered by its agent, and it was agreed, too, that for all subscriptions taken by defendant on Route No. 80 at its office the agent should have compensation for delivering such papers identically as if they had been procured through his effort. Plaintiff succeeded to the rights of Burtscher in March, 1896 under this arrangement and became defendant's agent on the same terms, with its consent and acquiescence. For the privilege of succeeding Burtscher under his contract, plaintiff paid him $45.46, by liquidating an indebtedness Burtscher owed defendant to that amount, and received an assignment in writing from Burtscher of his privilege pertaining to the route, together with the list of his patrons annexed. By the terms of the assignment it is expresed that plaintiff accepted the same and defendant consented thereto, on the condition that plaintiff would carry no other English paper in the territory designated as Route No. 80 under any circumstances, and he further agreed with defendant to faithfully observe all rules and regulations established by the management of the St. Louis *Post-Dispatch* for the government of *Post-Dispatch* carriers, etc. This instrument, besides being signed by Burtscher, the former carrier, in so far as it operated the assignment, was signed as well by plaintiff and defendant, who respectively accepted its terms and consented thereto. Plaintiff continued as defendant's carrier under its appointment and the stipulations above set forth for about eleven years, until April 15, 1907, when defendant revoked his authority and entered into an arrangement with another for the sale and delivery of its papers on Route No. 80. During the years plaintiff had charge of the route, the list of patrons was increased thereon from about seventy-

five to one hundred and twenty-eight subscribers for the daily, or evening, paper, and from about seventy to one hundred and six for that of Sunday morning of each week. Though the written agreement executed between plaintiff and defendant in 1896 forbade plaintiff from delivering any other English newspaper along the route, it appears that during the period defendant by express permission modified this requirement so as to permit him to deliver the St. Louis *Globe-Democrat,* St. Louis *Republic* and St. Louis *Star* on the route, all English papers, for several years. But upon the launching of the St. Louis *Times,* an evening English newspaper, published in St. Louis, defendant pointedly refused to permit plaintiff to carry and deliver the same along the route to which his agency for it obtained and notified him to that effect in advance. Though permission to carry the *"Times"* in conjunction with defendant's paper had been thus denied him, plaintiff nevertheless entered into an arrangement with the St. Louis *Times* and did deliver that paper to subscribers along the same route. Because plaintiff breached his contract of agency and refused to accede to the pointed instructions about its subject-matter, defendant revoked his agency and refused to furnish him its papers thereafter for sale and delivery at the stipulated prices above set forth, and forthwith conferred authority upon another person to represent it along such route.

Plaintiff insists the privilege which he obtained in 1896 from Burtscher at an expenditure of $45.46 is a valuable one, as it yielded a considerable profit each week, and instituted this suit on the theory, we believe, that he had an interest in Route No. 80, the list of subscribers and the good-will of his patrons, which defendant was not at liberty to divest, without first compensating him therefor. The mere fact that plaintiff paid an indebtedness of $45.46 of Burtscher, the former carrier, to defendant as a consideration for the assignment of Burtscher's privilege to him in March, 1896, is

insufficient to vest in plaintiff a fixed right with respect to Route No. 80 as against this defendant, for such payment, instead of passing from him to defendant as consideration money to it, operated no more than a payment to the use and benefit of Burtscher, who owed defendant a debt of that amount. In other words, such payment to defendant at the special instance and request of Burtscher, who owed defendant that amount on subscriptions collected, was a payment to Burtscher and not to defendant and is therefore wholly insufficient to introduce an element of consideration into the arrangement by which defendant appointed plaintiff its agent upon the same route formerly traversed by Burtscher. If plaintiff acquired any vested interest whatever in Route No. 80, it accrued by virtue of the written undertaking between him and defendant, whereby it agreed to furnish him as its agent its papers at one-half cent per copy for six days in the week and two and one-half cents per copy on Sunday for sale and delivery to such subscribers as he had obtained as successor to Burtscher and might procure in the future. Though defendant impliedly agreed to furnish him its papers for sale at the prices mentioned, no vested rights accrued to plaintiff under this contract of appointment, except in so far as good faith and fair dealing between men require he should be accorded a reasonable time to reimburse himself to the amount of $45.46 which was paid to Burtscher with defendant's acquiescence, and such further precedent expenditures as were made by him, with defendant's knowledge and consent, to the end of entering upon the discharge of his undertaking. Such is entirely clear for two reasons thoroughly sufficient: First, because the contract of agency between plaintiff and defendant was indefinite in point of time; and, second, because he had no interest in the subject-matter of the agency.

In so far as the term of the agency is concerned, it would suggest a perpetual right, as no time whatever

is prescribed when it should terminate. In such circumstances, the term of the agency depends upon the will of the principal and may be terminated at any time by him, unless the agent has acquired with the authority an interest in the subject-matter of the agency. The rule of decision is universal throughout those jurisdictions where the common law obtains, to the effect that a contract or appointment of agency which is wholly indefinite in point of its duration will not be considered as a perpetual contract and enforced as such but on the contrary may be terminated at any time by either party. [Boogher v. Maryland Life Ins. Co., 8 Mo. App. 533; Davis v. Barr, 12 N. Y. 111; Echols v. N. O., etc., R. Co., 52 Miss. 610; Irish v. Dean, 39 Wis. 562; Butler v. Smith, 35 Miss. 457; Mechem's Agency, sec., 204; 1 Am. and Eng. Ency. Law (2 Ed.), 1216.] But though such be the rule, it is subject to one exception and one limitation, which will be noted together with the facts of the case. The exception to the rule is, that a principal cannot thus summarily revoke the authority of his agent in those cases where the agent has acquired with the authority conferred an interest in the subject-matter of the agency. But an interest sufficient to render the agency irrevocable must be an interest in the thing itself or in the property which is the subject of the agency, and a mere interest in the results or proceeds of the execution of the authority, as by way of compensation, is not enough. So it is a mere interest, such as arises in this case by commissions on the sale of the newspapers or collections from subscribers, is wholly insufficient to vest the agent with an interest in the subject of the agency. The authorities are numerous and in point. [State ex rel. Walker v. Walker, 88 Mo. 279; Bishop on Contracts, sec. 1051; Mechem's Agency, secs. 256, 257; 1 Am. and Eng. Ency. Law (2 Ed.), 1217, 1218.] It is obvious plaintiff's authority was not coupled with an interest such as rendered it irrevocable at the time the right of revocation was exercised.

The limitation on the rule above referred to recognizes the right of the principal to revoke the agency but reckons with such equities as may have accrued in the agent's favor while acting in good faith toward executing the trust; for, though the principal may revoke an agency so given for an indefinite time, the circumstances of the case not infrequently present a situation in which there inheres a right to some compensation against the principal on the precepts of natural justice alone, notwithstanding the abstract right of revocation which the law generously concedes. In this view, even where an indefinite agency has been revoked, if it appears the agent, induced by his appointment, has in good faith incurred expense, devoted time and bestowed labor in the matter of the agency, without having had a sufficient opportunity to recoup such outlays from the undertaking, the principal will be required to compensate him in that behalf, for the law will not permit one to thus deprive another of value without awarding just compensation. But the just principle acted upon by the courts in the circumstances suggested requires no more than in every instance the agent shall be afforded a reasonable opportunity to avail himself of the preliminary expenditure and efforts put forward to the end of executing the authority conferred, and if it is denied him that the principal should make compensation accordingly. [Glover v. Henderson, 120 Mo. 367, 25 S. W. 175; Royal Remedy Co. v. Gregory Grocer Co., 90 Mo. App. 53; Davis v. Barr, 12 N. Y. 111; Mechem's Agency, sec. 620.] It is obvious that the principle reflected in the limitation on the rule above adverted to affords plaintiff no right of recovery, for his evidence is conclusive to the effect that he enjoyed the ·agency for eleven years and it yielded to him a considerable profit during all of that time. It appears as well that no expenditure was made by him in that behalf other than the $45.46 paid out in the first

instance to Burtscher, and this was recouped from his commissions while executing the agency in years gone by.

In this view, the court should have directed a finding for defendant, but as the jury returned a verdict for it, the result of the trial is a proper one, and we are, therefore, relieved of the duty of reviewing the instructions given and refused. On the case revealed by all of the evidence, the judgment is for the right party and should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.