## ABRAMS et al. v. GEORGE E. KEITH CO.

Circuit Court of Appeals, Third Circuit. January 4, 1929.

No. 3982.

William Newcorn, of Plainfield, N. J., for appellants.

Bilder & Bilder, of Newark, N. J. (Walter J. Bilder, of Newark, N. J., of counsel), for appellee.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and THOMSON, District Judge.

THOMSON, District Judge. The George E. Keith Company, plaintiff-appellee, brought this suit against Morris Abrams & Sons, to recover the amount on a book account for merchandise sold and delivered. The purchase and delivery of the goods was conceded by defendants, but they set up by way of defense, or counterclaim, in substance, that in the year 1912, the plaintiff company, desiring to establish an agency in the city of Plainfield, N. J., entered into an agreement with the defendants, Morris Abrams & Sons "to sell and deliver to the said M. Abrams & Sons, the shoe known as the 'Walk Over Shoe' at such prices as might be agreed upon from time to time, and the said M. Abrams & Sons, to undertake to buy and sell the aforesaid 'Walk Over Shoe' manufactured by the said corporation, as an Agency of the said corporation, the said corporation agreeing that in consideration of the said agreement the said M. Abrams & Sons, partners as aforesaid, should have the exclusive sale of the said shoe, in the City of Plainfield, and that the George E. Keith Company, a corporation as aforesaid would from time to time sell and deliver unto the said M. Abrams & Sons such sizes as they might order."

They further averred: That in conformity with said agreement, defendants placed orders with the plaintiff for men's and women's "Walk Over Shoes" of various sizes and grades, continuing to buy said shoes up to January 24, 1927, filling in broken sizes and purchasing new goods as and when required, the plaintiff honoring said orders. That on January 24, 1927, defendants, in accordance with the terms of said agreement, placed an order with plaintiff company for said shoes to complete the broken sizes in their stock, which the plaintiff company from that time to the present time has refused to fill. That this breach of contract by the plaintiff has caused loss and damages to the defendants, which damages are set forth and specified in the counterclaim.

When the jury was sworn, plaintiff's attorney moved the court to strike out the defense and counterclaim on the ground that the plaintiff could not recover for the breach of contract, as set forth in the pleadings, as the contract in fact was not valid for the want of mutuality. The court sustained plaintiff's motion, struck out the defense and counterclaim, and directed the jury to render a verdict in favor of the plaintiff for the amount of their claim, to wit, $3,083.62, with costs.

From the judgment so entered this appeal was taken. The want of mutuality is based on the position that the alleged contract is for the purchase and sale of an indefinite quantity of shoes, at indefinite times and at indefinite prices. On plaintiff's motion to strike out, the facts averred in the counterclaim must be assumed to be true. This is fatal to the plaintiff's motion. In the contract as set up, plaintiff agreed to sell and deliver to the defendants the shoes in question at such prices as might be agreed upon from time to time, and the defendants agreed to buy and sell said shoes as an agency of the plaintiff, the defendants being given the exclusive sale of said shoes in the city of Plainfield. The plaintiff further specifically agreed that it would from time to time, sell and deliver to the defendants such sizes as they might order.

This contract was perfectly good in law. Being indefinite as to its terms, either party might terminate it on reasonable notice. No such notice was given here. The plaintiff treated the contract as wholly invalid, arbitrarily sought to terminate it without notice, and insists on its right so to do here. The case was clearly one for the jury to determine what the facts were. If the facts were as the counterclaim avers, plaintiff was guilty of a breach of the contract, and defendants were entitled to recover such damages in its counterclaim as the evidence warranted.

The judgment should therefore be reversed, and a new trial granted.