HENDRY, Judge.
The appellants were the plaintiffs below in a suit against the appellee. It was alleged in their complaint that the defendant, a manufacturer of chemical products, orally granted the plaintiffs an exclusive agency to sell, market and promote the sale of a new chemical product identified as “Futron” in the Dade and Broward County area; that the plaintiffs performed their end of the bargain but the defendant violated the terms of the oral agreement by refusing to continue to furnish “Futron” to the plaintiffs in Miami, Florida.
The relief sought in the complaint was an injunction against the sale of said product in Dade and Broward Counties to any agents other than the plaintiffs and incidental damages for the breach of contract.
The defendant moved for a summary decree on the basis of the plaintiffs’ statement that the parties, at the time the contract was entered into, had not agreed upon, nor even discussed the element of time or duration of the contract. By reason thereof, the defendant urged that the contract was too vague, ambiguous and uncertain to be enforceable by way of injunction in a court of equity.
The plaintiffs filed an opposing affidavit wherein they stated:
“We did not agree on the time during which this contract would exist, but we thought it would continue for a reasonable time commensurate with the energy expended on this promotion.”
Upon hearing the chancellor agreed with the defendant’s contention that the plaintiffs were not entitled to the equitable remedy sought and ordered the cause transferred to the law side of the court. It is from that order that the plaintiffs have appealed.
The sole point involved on appeal is: Whether the chancellor erred in holding that the contract in question was not such as to entitle plaintiffs to the equitable remedy sought, i. e., an injunction restraining breach thereof.
The law is well settled that for the injunctive remedy to apply to restrain the breach of a contract, the contract must be certain and unambiguous in its terms. Chaney v. Brown, 158 Fla. 489, 29 So.2d 209; 17 Fla.Jur., Injunctions, § 35.
In Robinson v. Sax, Fla.App.1959, 115 So.2d 438, the court quoted from Restatement, Contracts, § 370, as follows:
“ ‘Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due.’ * * * ‘[Tjhere may be cases, in which it is just to refuse the remedy of specific performance on the ground' of uncertainty, even though it is not unjust to give a judgment for damages or restitution.”
*586 Injunction is a discretionary writ and the Florida Courts have consistently held that the matter of granting or withholding injunctive relief rests largely in the discretion of the chancellor to he governed by the facts and circumstances of the particular case. State Road Department v. Newhall Drainage District, Fla.1951, 54 So. 2d 48.
For the reasons stated we hold that the chancellor was correct in his determination that on the basis of the undisputed facts in the case, the alleged contract failed to meet the necessary requirements to entitle the plaintiffs to the equitable remedy sought. We further hold that his order transferring the cause to the common law side of the court was correct and proper.
Affirmed.