153 So.2d 752 (1963)
FLORIDA-GEORGIA CHEMICAL CO., Inc., Appellant,
v.
NATIONAL LABORATORIES, INC., F. Nolan Parham, and Jacksonville Paper Co., d/b/a Capital Paper Company, Appellees.
No. E-29.
District Court of Appeal of Florida. First District.
May 23, 1963.
*753 Wilfred C. Varn, of Ervin, Pennington & Varn, Tallahassee, for appellant.
Harry Lewis Michaels of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for appellees.
RAWLS, Judge.
Florida-Georgia Chemical Company appealed from a final judgment dismissing its third amended complaint and assigned as error the final judgment and a previous order transferring the original complaint to the law side of the court. Two points are argued on appeal:
1. Does appellant's original complaint state a cause of action in equity which will support the granting of injunctive relief?
2. Does appellant's third amended complaint state a cause of action at law?
Briefly, the original complaint was framed in four counts alleging that: Florida-Georgia Chemical Company had an exclusive right-to-sell agreement with National Laboratories to sell "N.L. products" in the Tallahassee area; pursuant to the agreement Florida-Georgia Chemical promoted N.L. products by great expenditures of time and money; defendant National Laboratories breached the agreement by increasing its prices, requiring plaintiff to utilize the services of defendant F. Nolan Parham (National Laboratories' Field Representative) and plaintiff complied with these requirements to protect its heavy investment; Parham and National Laboratories learned the names of plaintiff's customers by falsely representing that reports (containing customers' names) were necessary for marketing and statistical purposes when they actually intended and did use the same in directly competing with plaintiff; and while plaintiff enjoyed the exclusive right to sell N.L. products, National Laboratories further breached the agreement by allowing other distributors to sell N.L. products in plaintiff's territory. The complaint further alleged that the defendants did and still are maliciously interfering with plaintiff's business by persuading plaintiff's customers through the use of false representations to refrain from doing business with plaintiff; that the defendants conspired to interfere with plaintiff's business by a combination restricting trade contrary to F.S. Chapter 542, F.S.A.; and that unless enjoined and restrained defendants will continue similar unlawful interference with plaintiff's business.
The relief sought in these four counts is 1. damages for breach of contract, 2. damages for the tort of malicious interference with plaintiff's business, 3. damages for injuries resulting from an illegal combination in restraint of trade, and 4. an injunction restraining further interference. Although an action to enjoin tort feasors from malicious interference *754 may be brought either at law or in equity[1] but coupled as it was in this complaint with causes of actions essentially legal in nature and for which adequate relief is available at law, the trial court properly transferred the cause to the law side of the court.
Therefore, the only pertinent question before this court is, Did the third amended complaint state a cause of action? This complaint is framed in two counts. The first alleged that defendant National Laboratories, hereafter called National, in 1954 orally granted the plaintiff an exclusive right to sell National's products within a 150 mile radius of Tallahassee, Florida. National agreed to sell its products to plaintiff at its published distributor's price list with stipulated quantity discounts, and pursuant to said agreement the plaintiff in 1954 and subsequent years spent large sums of money to advertise National's products. The plaintiff further alleged that in 1960 while the agreement was in effect National breached same by refusing to grant plaintiff further discounts and by permitting other dealers and distributors to sell National's products within the said geographic area.
As to this count the trial court, noting that the parties agreed that there was no termination date for the oral exclusive sales agency agreement, found that the contract was terminable at will by either party and held that such an agreement did not support an action for breach. As authority the trial court cited Meredith v. John Deere Plow Co.[2] which in turn relied upon the principle stated in the DuPont cases[3] to the effect that such contracts are terminable at will by either party and "* * * the termination of the contract * * * is not a breach of the contract and will not sustain an action for damages." This court accepts that principle. The factual situation set forth in the first DuPont case states: "On October 27, 1930, the DuPont Company gave notice to the Reno Company of the termination of the contract effective the December 1st following, and it was this termination by the DuPont Company which the Reno Company asserts constituted a breach of the contract." [Emphasis supplied] Therefore, these cases by the terms of the principles stated therein hold that exclusive sales contracts so lacking in mutuality of obligation or certainty of consideration may be terminated by either party at will, but termination thereof does not constitute a breach of the contract and so will not sustain an action for damages for such termination.
However, the question raised by the allegations of the complaint in the instant case is not whether National had the right to terminate, but whether it is responsible for damages resulting from a breach of the agreement while the same is still in effect. The above cases for obvious reasons are not controlling in the instant cause.
The general rule as repeatedly stated is that a contract for an indefinite period, which by its nature is not deemed to be perpetual, may be terminated at will on giving reasonable notice.[4]
Agency may be revoked or terminated in any manner showing the intention of the principal to withdraw the authority. Such revocation, as far as the agent is concerned, becomes operative from the time he has actual notice thereof, but notice to third parties will not effect a revocation as to the agent.[5]
*755 Meyer v. Pulitzer Publishing Company[6] states:
"* * * The rule of decision is universal throughout those jurisdictions where the common law obtains to the effect that a contract or appointment of agency which is wholly indefinite in point of its duration will not be considered as a perpetual contract and enforced as such, but, on the contrary, may be terminated at any time by either party. * * *
"But, though such be the rule, it is subject on one exception and one limitation * * *. The exception to the rule is that a principal may not thus summarily revoke the authority of his agent in those cases where the agent has acquired with the authority conferred an interest in the subject-matter of the agency. * * *
"The limitation on the rule above referred to recognizes the right of the principal to revoke the agency, but reckons with such equities as may have accrued in the agent's favor while acting in good faith toward executing the trust * * * even where an indefinite agency has been revoked, if it appears the agent, induced by his appointment, has in good faith incurred expense, devoted time, and bestowed labor in the matter of the agency without having a sufficient opportunity to recoup such outlays from the undertaking, the principal will be required to compensate him in that behalf, for the law will not permit one to thus deprive another of value without awarding just compensation."
Although cases have consistently held that contracts, void for lack of mutuality of obligation, cannot so far as they are executory be enforced by specific performance nor may one party thereto enjoin the cancellation or breach by the other,[7] however, such cases concede that one party may be liable to the other in an action at law for damages for the period during which the contract was performed.[8]
Curtiss Candy Company v. Silberman[9] was just such an action. There, the plaintiffs brought an action in chancery seeking discovery, accounting and damages for breach of an exclusive sales agreement. The court after stating that the remedy was properly at law, by a suit for breach of contract, disposed of the case since that issue was not raised and it did not appear that adequate relief could not be secured in equity. There, the defendant breached the agreement (by selling to persons other than its exclusive agent) prior to termination by notice and plaintiff was awarded nominal damages since there was no substantial evidence of damages occasioned thereby.
We conclude that the allegations of breach occurring "* * * during the time that the said agreement between the plaintiff and the defendant was in effect * * *" sufficiently state a cause of action.
Count Two of the third amended complaint attempts to allege a cause of action upon the theory that defendant intentionally and maliciously interfered with plaintiff's business by inducing plaintiff's customers from doing business with the plaintiff. The trial judge found, and we agree, that plaintiff failed to allege sufficient ultimate facts to sustain such theory. This count is replete with allegations of "textbook principles" and conclusions of law but is deficient in that the shell is set *756 out and the nut is absent. Essential allegations absent are: where such purported interferences occurred; when such purported interferences took place, and the nature of the purported interferences. We conclude that the trial judge was correct in dismissing the second count of the third amended complaint.
Reversed with directions to the trial judge to reinstate the first count of plaintiff's third amended complaint, and for further proceedings in accordance with this opinion.
WIGGINTON, J., Acting Chief Judge and McLANE, R., Associate Judge, concur.
NOTES
[1] Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 So. 209 (1933).
[2] Meredith v. John Deere Plow Co., 185 F.2d 481 (8th Cir.1951).
[3] E.I. DuPont de Nemours & Co. v. Claiborne-Reno Co., 64 F.2d 224 (8th Cir.1933) and 77 F.2d 565 (8th Cir.1935).
[4] Abrams v. George E. Keith Co., 30 F.2d 90 (C.C.A.3d, 1929); Childs v. Columbia, 87 S.C. 566, 70 S.E. 296, 34 L.R.A. (N.S.,) 542; Myra Foundation v. Harvey (N.D.) 100 N.W.2d 435, 76 A.L.R.2d 1313.
[5] 1 Am. & Eng.Eney. of Law, 2 Ed. pp. 1219 & 1220.
[6] Meyer v. Pulitzer Pub. Co., 156 Mo. App. 170, 136 S.W. 5, 7 (Mo. App. 1911).
[7] Miami Coca-Cola Bottling Co. v. Orange Crush Co., 296 F. 693 (5th Cir.1924); Turk v. Hysan Products Co., 149 So.2d 584 (Fla.App. 3rd, 1963).
[8] Miami Coca-Cola Bottling Co., Ibid.
[9] Curtiss Candy Co. v. Silberman, 45 F.2d 451 (6th Cir.1930).