HENDRY, Judge.
Plaintiffs appeal from the dismissal of their complaint alleging damages for breach of contract.
Appellee entered into an oral agreement with appellants whereby appellants would obtain orders for the shipment of drugs to Latin American countries. The appellee would fill these orders, and appellants would receive a percentage of the price for their efforts. Thereupon, appellants incurred those expenses normally associated with the initiation of such a business. They rented a store, obtained utilities therefor, advertised on the radio and in the newspapers, and engaged in those activities necessary to carry out the agreement. Within a month, appellee terminated the contract, and refused to deal further with appellants. This suit was initiated to recover for those expenses incurred in preparing to get the business started. Appellants contend that they expended these sums of money in reliance on the oral contradi to which the parties had agreed. Both parties agreed, that there *641 was no specific time limit or term for the agreement and accordingly, either party could terminate the agreement at will.
Appellants argue, however, that they had a right to rely on the agreement in incurring those expenses necessary to implement the contract, therefore, appellee could not terminate the contract prior to such time that appellants had an opportunity to recompense themselves for thp initial expenses of performing the contract. However, should ap-pellee cancel the agreement prior to such time, it must answer in damages.
Appellants cite as authority for this proposition the First District case of Florida-Georgia Chem. Co. v. National Laboratories, Fla.App.1963, 153 So.2d 752. This case involved an action for breach of contract of an exclusive sales agency which was terminable at will. The court ruled that there was no cause of action for the termination of a contract terminable at will, but that a good cause of action was plead for breach of the exclusive sales contract where the defendant had sold to appellee’s competitors prior to the termination of the contract.
We can find no support for appellant’s contention in the above cited case, nor can we agree with the soundness of the proposition urged by appellants. If the contract terminable at will is conditioned on the right of one party recouping his initial investment, when will such an agreement be terminable, six months, a year, two years? It is obvious that the contract would no longer be terminable at the will of either party, but just at the will of the party who has expended money preparing to perform the contract.
Appellants argue that they may recover the expenses of preparing to perform the agreement because they relied on the agreement to their detriment. In order to fully understand this allegation, it is necessary to explore one element of appellant’s argument; to-wit, reliance. Appellants claim that they relied to their detriment on the contract when they incurred these expenses. If so, what did they rely on? The contract was for no specific time so appellant could not be relying on any period of time. They had to know that they incurred these expenses with no guaranty as to the length of time the agreement would exist. Reliance, in the legal sense, means depending on a certain set of facts, then having the facts change to the detriment of the person relying thereon.[1] In the present case, the facts did not change. The appellants incurred these expenses relying on an agreement which could be terminated at any time. The fact that the agreement did not last as long as they would have liked, does not constitute a breach of contract.
The trial judge was eminently correct in dismissing the complaint. The order appealed is accordingly affirmed.
Affirmed.

. Simpson, Contracts § 42 (1954).