SWANN, Judge.
This case is not new to us. In Sanchez I,[1] we held that a party terminating a nonexclusive agency contract, terminable at will, was under no obligation to reimburse the other party for reasonably incurred preliminary expenses, even though the other party had had no chance to recoup these expenses. The Supreme Court reversed in Sanchez II,[2] choosing not to draw a distinction between non-exclusive and exclusive contracts. The position taken by the First District,[3] allowing recovery for damages suffered during the period in which a contract is performed, was upheld. In Sanchez III,[4] we remanded to the trial court with directions to reinstate the complaint and proceed in accordance with the opinion of the Supreme Court.
Upon remand, the trial judge entered a final judgment for the defendant at the conclusion of a non-jury trial. He indicated that his decision was essentially based upon the proof of damages being too speculative, and there was no exclusive contract proven. This appeal followed.
Although an exclusive sales contract was involved in Florida-Georgia, supra, there was none alleged or proven in this case. When this case was originally reversed and remanded by the Supreme Court, there was no mention of the fact that the Florida-Georgia case involved an exclusive sales agreement and that Sanchez involved a non-exclusive contract. The Supreme Court apparently did not consider this an important distinction, because it quashed the majority opinion of this court, which had specifically cited Florida-Georgia, but which had refused to follow the same. The Supreme Court, in reversing, referred to the dissenting opinion of Judge Charles A. Carroll. As authority for the dissent, Judge Carroll relied upon the following authorities: Gibbs v. Bardahl Oil Co., Mo. 1960, 331 S.W.2d 614; Philadalphia [sic] Storage Battery Co. v. Mutual Tire Stores, 161 S.C. 487, 159 S.E. 825; 6 Corbin on Contracts, § 1266, pp. 57-58.
*648 An examination of these authorities indicates that Gibbs, supra, was similar to the case at bar. In Gibbs, the plaintiff alleged I that he was granted a franchise by Bar-dahl Oil Company to sell and promote their products in Central America and Mexico; that he had done so; had incurred expenses, and that upon cancellation of the agreement, he was entitled to recover the reasonable value of services rendered.
The agreement therein was in writing, and specifically stated that it was not to be legally enforceable; that Gibbs was to have, in a general way, territory protection, and that Bardahl would protect his territory to the best of their ability.
¡ In permitting recovery under this obviously non-exclusive contract, the court stated, on p. 621:
#**=>: *
“We think the evidence was sufficient for the jury to infer and find that, after respondent had in compliance with the terms of his agreement necessarily expended work, labor and money to promote appellant’s products and in establishing distributors for appellant’s products, the appellant cancelled respondent’s franchise, terminated the relationship and retained and appropriated the benefit of respondent’s work, labor and expense in promoting the sale of appellant’s products and establishing distributorships before respondent had had a reasonable time within which to recoup his expenses and receive a reasonable value for his work and services. Under such circumstances the law would imply an obligation on the part of appellant to pay the reasonable value thereof to the extent mentioned and respondent would be entitled to recover accordingly. * * * ”
* * * * * *
We hold, therefore, that an “exclusive” contract is not necessary for recovery in the instant cause, and that plaintiff may allege and prove grounds for recovery under these circumstances, even though he had a non-exclusive contract.
Turning now to the difficult question of damages, we find that the cases of Florida-' Georgia and Sanchez, supra, did not dis- ■ cuss the question of damages. In Gibbs v. Bardahl, supra, the opinion cited 2 Am. Jur., p. 46, Agency, Sec. 50, as follows:
“Although a principal may have the ■ right to cancel an agency contract by,-, virtue of an express reservation in that contract, without becoming liable for the ■ breach of it, he may, upon cancelation, become liable to the agent for rights that have already accrued at the time of can- ■ celation. * * *" (Emphasis supplied.)
In Florida-Georgia, supra, the court relied on the case of Meyer v. Pulitzer Pub. Co., 156 Mo.App. 170, 136 S.W. 5 (1911). The court, in that opinion, stated:
“ * * * where an indefinite agency has been revoked, if it appears the agent, induced by his appointment, has in good faith incurred expense, devoted time, and bestowed labor in the matter of the agency without having a sufficient opportunity to recoup such outlays from the undertaking, the principal will be required to compensate him in that behalf, for the law will not permit one to thus deprive another of value without awarding just compensation.” (Emphasis supplied)
* * * * * *
We are of the opinion, therefore, that an agent, under the circumstances revealed here, is entitled to recover for expenses which he has in good faith expended under a non-exclusive agreement up to the time of the cancellation of the agreement.
There was evidence before the trial court of various items of alleged damages incurred by the agent here. There was sufficient proof of some damages to preclude the entry of a judgment for the defendant, on the theory that all the damages were too speculative to permit recovery. The damages were sufficient, if adequately proven, to result in at least a nominal judg-> *649 ment for the plaintiff. On remand, the court can determine which expenses were incurred in good faith for the operation of the business up to the time of cancellation and rule on such other objections as may be properly made as to their admissibility.
For these reasons, the cause is reversed and remanded for further action consistent herewith.
It is so ordered.

. Sanchez v. Crandon Wholesale Drug Co., Fla.App.1964, 167 So.2d 640.

. Sanchez v. Crandon Wholesale Drug Co., Fla.1965, 173 So.2d 687.

. Florida-Georgia Chem. Co. v. National Laboratories, Fla.App.1963, 153 So.2d 752.

. Sanchez v. Crandon Wholesale Drug Co., Fla.App.1965, 174 So.2d 780.