### BOSTON v. JEWISH COMMUNITY CENTERS OF SOUTH FLORIDA, Inc.

No. 73-28013.

Circuit Court, Dade County.

March 15, 1974.

Arthur J. McCormick, Miami, for the plaintiff.

A. Budd Cutler, Miami, for the defendant.

ALAN R. SCHWARTZ, Circuit Judge.

The court has considered oral argument of counsel and memoranda of law concerning the defendant's various post-trial motions. The substantial question involved on these motions is essentially whether the evidence supports the jury's assessment of $10,800 as the damages sustained by the plaintiff as a result of the defendant's breach of contract.

At the trial, the court determined — and now adheres to that ruling — that, as a matter of law, the defendant breached its agreement with the plaintiff to employ him as a social worker. The plaintiff elected to "seek those damages that [would] put him in the same position as he was immediately prior to making the agreement." Sundie v. Lindsay, Fla. App. 1964, 166 So.2d 152, 153. As the *Sundie* case permits, he thus sought to recover "the expenses of preparing for performance." (page 153). See also Sullivan v. McMillan, 26 Fla. 543, 8 So. 450; Sanchez v. Crandon Wholesale Drug Co., Fla. App. 1967, 194 So.2d 646.

The interesting issue raised in this case arises from the fact that, solely in order — as he said, and as the jury apparently believed — to prepare himself for his promised work for the YMHA, he went to a two-year post-graduate course at Barry College, and, as a result, earned a master's degree in social work. The "costs of preparation" claimed in this case, therefore, consisted primarily of the allegedly lost two years of time spent at Barry. There seems to be little question that the "value" of lost *time* in preparing for subsequently frustrated performance may, as a general rule, be recovered as an element of such damages. See Sanchez v. Crandon Wholesale Co., supra; cases cited, *passim,* in Annotation, 17 A.L.R. 2d 1300; 11 Williston on Contracts, 3rd ed. 1968, §1363A, p. 352, n. 8.

The fundamental point here, however, is whether the time expended by the plaintiff was, in fact and law, really "lost;" that is, since it is conceded that the value to the plaintiff of his preparations for performance must be deducted from his costs in determining damages, see, e.g., United States v. Behan, 110 U.S. 338, 4 S. Ct. 81, 28 L.Ed. 108, whether it can be said that Mr. Boston did not receive *equal* value in the form of education and the degree for

the time, energy, and out-of-pocket money expended. After careful consideration, the court has concluded that the issue is not one which may be resolved as a matter of law, and was therefore properly submitted to the jury for its determination.

On the issue in question, the jury was instructed, without objection, that the applicable measure of damages was —

". . . the value of the expense, time, and effort, if any, expended by the plaintiff because of and in reliance upon the defendant's promise to give him employment minus any sums paid to the plaintiff by or on behalf of the defendant in the form of scholarships or otherwise, and minus also the benefits derived by the plaintiff from his time and efforts in this regard."

In accordance with this instruction — which it is believed fairly stated the applicable law as stated in the cases and authorities already cited — the jury was required to and obviously did conclude both (a) that the plaintiff would not have attended Barry "but for" the defendant's promise of employment and (b) that the value of his efforts far exceeded the benefits derived from an education he would not otherwise have undertaken. There seems to be no reason why either issue is not one which only a jury may determine. Cf. also, e.g., Overstreet v. Merritt, 186 Cal. 494, 200 P. 11; Meylert v. Gas Consumers' Benefit Co., 1890, 14 N.Y. Supp. 148, Annotation, supra, at 17 A.L.R.2d 1350-1353. And, whether or not the court would have reached the same determinations, there is no basis for interfering either with the jury's decisions on these issues, or its assessment of the monetary *amount* by which the time, money, and energy expended exceeded the benefits to Mr. Boston.

It is therefore ordered that the defendant's post-trial motions for judgment in accordance with its motion for directed verdict, for new trial, and for remittitur or, in the alternative, for new trial are denied.