316 So.2d 315 (1975)
SOUND CITY, INC., a Florida Corporation, Appellant,
v.
William KESSLER et al., Appellees.
No. W-71.
District Court of Appeal of Florida, First District.
August 8, 1975.
*316 Lynn M. LoPucki, Schwartz, Schwartz & LoPucki, Gainesville, for appellant.
Stuart A. Markus, Markus, Winter & Spitale, Miami, for appellees.
BOYER, Chief Judge.
The plaintiff in the trial court here appeals a judgment on the pleadings entered in favor of the defendants, appellees here.
In settlement of a disputed account appellant delivered to appellees a check in the sum of $1,159.20 upon the back of which check was written the following:
"This check is accepted in full settlement of transactions represented by invoices listed in other side. By endorsing this check and obtaining payment hereof, the endorsers agree that they will not in the future refuse to sell and deal whith [sic] Sound City Inc on a COD basis (this agreement requires the extension of no credit whatsoever). It is agreed by the parties hereto that this agreement shall be specifically enforcable; & if it is violated by any endorser that endorser agrees to pay damages and reasonable attorney's fee to enforce this agreement. The parties to this agreement are Sound City Inc and the undersigned endorsers."
The check was endorsed and negotiated by appellees. Shortly thereafter appellees notified appellant that they would no longer sell to nor deal with appellant.
Suit was promptly filed, reciting the transaction above mentioned, the agreement evidenced by the language and endorsements on the back of the above mentioned check and alleging, inter alia, that the plaintiff had no adequate remedy at law because the defendant's brand name is well established, its products unique, and that substitute equipment acceptable to plaintiff's customers is not available elsewhere.
The judgment on the pleadings here appealed determined the above quoted language insufficient to constitute an enforceable contract, reciting "that the purported contract, which is the subject matter of this action, is totally lacking in any provision for duration" citing as authority Florida-Georgia Chem. Co. v. National Laboratories, Fla.App. 1st 1963, 153 So.2d 752.
There is no contention that the above quoted writing is deficient in any manner other than the failure to provide for a durational period.
It is axiomatic that the cardinal rule in the construction of contracts is the intention of the parties thereto.[1] In Triple E Development Co. v. Floridagold Citrus Corp.,[2] the court stated:
"This Court, from time to time, has approved certain rules to be observed in the construction of contracts and among them are the following: (1) the contract should be considered as a whole in determining *317 the intention of the parties to the instrument; (2) the conditions and circumstances surrounding the parties to the instrument and the object or objects to be obtained when the contract was executed should be considered; (3) courts should place themselves, as near as possible in the exact situation of the parties to the instrument, when executed, so as to determine the intention of the parties, objects to be accomplished, obligations created, time of performance, duration, mutuality, and other essential features * * *" (51 So.2d at 438)
In Patrick v. Kirkland,[3] the Supreme Court of Florida held that under the factual situation there presented where a party had agreed to perform an act for the other party and the time within which the agreement was to be performed was not stated the law would imply a reasonable time.
In 17A C.J.S. Contracts § 385, p. 457 is found the following:

"Absence of express provision as to duration. The effect of the omission from an agreement of the time for its duration is generally determined by a construction of the contract. So the intention of the parties with respect to duration and termination of their contract is to be determined from the surrounding circumstances and by application of a reasonable construction of the agreement as a whole; and the duration of a contract may be implied from the nature of the contract or from the circumstances surrounding it. Where the parties do in fact intend that the obligation terminate at an ascertainable time, the courts in effect will supply the missing clause and construe the contract accordingly; but if it appears that no termination was within the contemplation of the parties, or that their intention with respect thereto cannot be ascertained, the contract will be terminable within a reasonable time or revocable at will depending upon the circumstances, * * *" (Footnotes deleted)
In 17 Am.Jur.2d, Contracts, §§ 329-330, pp. 764-766, it is stated:
"While express terms and provisions in a contract as to time are effective and cannot be ignored, such terms and provisions are often stated in such a manner as to require construction. * * *
* * * * * *
"Where there is no provision as to the time for performance, a reasonable time is implied. * * * Under the Uniform Commercial Code, an action is taken `seasonably' when it is taken at or within the time agreed or, if no time is agreed, at or within a reasonable time.
"What constitutes a reasonable time within which an act is to be performed where a contract is silent upon the subject depends on the subject matter of the contract, the situation of the parties, their intention and what they contemplated at the time the contract was made, and the circumstances attending the performance."
In Tyner v. Woodruff[4] a summary judgment was reversed in a case involving the breach of a contract for the harvesting and sale of fruit, the court holding that where no time limit is specified for the performance of a contract, the party charged with performance must act in a reasonable manner and within a reasonable period of time.
As above indicated the learned trial judge recited in the judgment here appealed reliance upon this Court's opinion in Florida-Georgia Chem. Co. v. National Laboratories.[5] However, a careful examination of that case reveals that it is supportive *318 of the position here urged by appellant. In that case this Court said:
"The general rule as repeatedly stated is that a contract for an indefinite period, which by its nature is not deemed to be perpetual, may be terminated at will on giving reasonable notice." (Emphasis the Court's; 153 So.2d 754)
Stating that a contract without a durational provision "will be terminable within a reasonable time"[6] or that it "may be terminated at will on giving reasonable notice"[7] are but two ways of saying the same thing.
In the case sub judice appellees did not give reasonable notice of termination. They simply terminated! Neither was there any determination by the trial judge as to what would constitute a reasonable duration of the contract.[8]
In summary we hold that in the absence of an express provision as to duration in a contract, the intention of the parties with respect to duration and termination is to be determined from the surrounding circumstances and by application of a reasonable construction of the agreement as a whole and that if it appears that no termination was within the contemplation of the parties, or that their intention with respect thereto cannot be ascertained, the contract will be terminable within a reasonable time depending upon the circumstances and that it may not be terminated by either party without first giving reasonable notice.
Termination of a contract containing no durational provision does not, per se, constitute a breach of the contract such as to sustain an action for damages for such termination. However, breach of the contract prior to the giving of reasonable notice of termination or prior to the expiration of the time provided in such reasonable notice will, upon proper proof, subject the breaching party to damages.
Reversed and remanded for further proceedings consistent herewith.
WADDELL, TOM, Jr. and MELVIN, WOODROW M., Associate Judges, concur.
NOTES
[1] Smart v. Brownlee, Fla.App.4th 1967, 195 So.2d 4; S & W Motors v. Mack Trucks, Inc., Fla.App.1st 1967, 198 So.2d 70; Bal Harbour Shops, Inc. v. Greenleaf & Crosby Co., Inc., Fla.App.3rd 1973, 274 So.2d 13.
[2] Sup.Ct.Fla. 1951, 51 So.2d 435.
[3] Sup.Ct.Fla. 1907, 53 Fla. 768, 43 So. 969.
[4] Fla.App.4th 1968, 206 So.2d 684.
[5] Fla.App.1st 1963, 153 So.2d 752.
[6] 17A C.J.S., supra.
[7] Florida-Georgia Chem. Co. v. National Laboratories, supra.
[8] Indeed, such a determination would not be possible nor proper in passing upon a motion for judgment on the pleadings, which does not involve consideration of proofs nor evidence, but only the allegations of the pleadings themselves.