PER CURIAM.
The final judgment under review is affirmed upon a holding that: (1) the decedent’s Chevron credit card and Chevron travel club membership were, without dispute, terminated for failure to pay overdue credit card charges prior to the decedent’s accidental death; (2) the decedent’s Chevron credit card, but not his Chevron travel club membership, was thereafter reinstated upon payment of the overdue credit card charges prior to the decedent’s accidental death; (3) the group accidental loss of life insurance policy provided to Chevron travel club members was, therefore, not in effect as to the decedent at the time of the decedent’s death; and (4) there was no reasonable notice requirement implied by law as a pre-condition to terminating the decedent’s Chevron travel club membership inasmuch as the contract between the parties contained provisions indicating the intent of the parties as to the termination of Chevron travel club membership, to wit: (a) Chevron travel club membership was made dependent on the member being a Chevron credit card customer in good standing, (b) the Chevron credit card, without dispute, could be canceled at any time without notice, and (c) upon cancellation of the Chevron credit card, it is plain that the parties intended that Chevron travel club membership would terminate. See Sound City, Inc. v. Kessler, 316 So.2d 315, 318 (Fla. 1st DCA 1975).
Affirmed.