SCHWARTZ, Associate Judge.
The plaintiff/appellant, Marlow Investments, N.V., which was the original developer of the St. Augustine Bath & Tennis Club, pledged collateral and guaranteed a $216,000 loan from the Barnett Bank of St. Johns County to the defendant/appellee, S.A.B.T.C. Townhouse Association, Inc., which is composed of homeowners in the development. In this appeal, Marlow seeks review of an adverse judgment in an action primarily seeking equitable relief against the association in the nature of a mandatory injunction to require the association to “exonerate” it from potential liability by paying the loan to the lender. See Hayden v. Thrasher, 18 Fla. 795 (1882); West v. Chasten, 12 Fla. 315 (1868-69); L. Simpson, Simpson on Suretyship § 46 (1950).
The trial court, in a well-considered judgment rendered after an extensive and complex trial, based its ruling essentially on the grounds that (a) Marlow had in effect itself received the proceeds of the loan (and therefore should have to repay it) through the discharge of several obligations supposedly owed by the association to other individuals and corporations with which Mar-low was connected, and (b) Marlow had, again through the actions of these others, damaged the association through various acts of mismanagement and misconduct. Our review of the record leaves us with, at the least, grave doubts as to whether the relationships between Marlow and the entities and individuals in question justified piercing Marlow’s corporate veil by attributing their activities and receipts to it. See Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114 (Fla.1984). Notwithstanding, we do not reverse. This is because we are unable to find, in the light of all the circumstances presented to the trial court, that it abused the broad discretion it possesses on these matters in determining not to grant Marlow the equitable relief it sought.[1] See State Road Dept. v. Newhall Drainage District, 54 So.2d 48 (Fla.1951); McDowell *15 v. Trustees of the Internal Improvement Fund, 90 So.2d 715 (Fla.1956); Turk v. Hysan Products Co., 149 So.2d 584 (Fla. 3d DCA 1963); Gasparilla Inn, Inc. v. Sunset Realty Corp., 358 So.2d 234, 236 (Fla. 2d DCA) (“The courts are seldom reversed for refusing to grant mandatory injunctions.”), cert. denied, 364 So.2d 893 (Fla.1978); see generally Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Busch v. Baker, 79 Fla. 113, 83 So. 704 (1920).
We deem it appropriate to add that, since this is the sole basis of our affirmance, the judgment below will not have res judicata effect in any subsequent action for damages at law which, if Marlow is required actually to discharge the loan, it may thereupon bring against the association to recover the debt as the lender’s subrogee.[2] Kelliher v. Stone & Webster, Inc., 75 F.2d 331 (5th Cir.1935); Wise v. Quina, 174 So.2d 590 (Fla. 1st DCA 1965); 32 Fla.Jur.2d Judgments and Decrees § 139 (1981) (“A ruling of the court will not constitute a bar, where an exercise of equitable jurisdiction is involved.”). On this ground and with this qualification, the judgment under review is
AFFIRMED.
ORFINGER and COWART, JJ., concur.

. Among other things, the trial court specifically said that "[t]he equities of the case are with the Defendant and against the Plaintiff’ and that “[e]quity ... dictates that the Plaintiff not recover."

. See 28 Fla.Jur.2d Guaranty and Suretyship § 53 (1981).