Kenneth E. HEINTZ, Appellant,

v.

David SWIMMER, et al., Respondent.

No. 59004.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 7, 1991.

Rehearing Denied June 5, 1991.

Eric James Snyder, Clayton, for appellant.

Richard Charles Wuestling, St. Louis, for respondent.

CRIST, Judge.

Appellant, Heintz, appeals the trial court's grant of respondent's motion for summary judgment. Heintz previously appeared in this court on appeal from summary judgment in the underlying case. Heintz lost that appeal, *Heintz v. West County Journals, Inc.,* 709 S.W.2d 120 (Mo.App.1986), and then sued his lawyer, Katzen, for legal malpractice. The West County Journals decision was an order opinion with a memorandum of reasons for the order. We affirm.

In the fall of 1982, Heintz hired an attorney, Swimmer, to investigate and file suit against the West County Journals, Inc., and the St. Louis Suburban Newspapers, Inc. (newspapers). These newspapers are Missouri corporations in the business of publishing and distributing suburban newspapers for the St. Louis area.

The newspapers began operations around 1965. They employed Heintz at that time as an independent contractor to deliver papers, pursuant to an oral contract. The only terms of the contract were that Heintz deliver dry newspapers on a specified route by 7:30 a.m., and that Heintz deliver any inserts that were ordered for that route. Heintz was paid by the newspapers once a month. The oral contract was not specific as to length of employment.

Heintz was assigned a specified route, for which he paid nothing. Sometime between 1965 and March 1981, Heintz' route was split by the newspapers and a portion of it given (not sold) to another carrier. Heintz received no compensation for the revoked portion, and at no time did either Heintz or the newspapers claim that Heintz had a right to compensation for the revoked portion.

Heintz' employment was terminated by the newspapers around March 1981, and the route was assigned to another carrier. Heintz received no compensation for the

route from the newspapers, and none was given by the new carrier. Heintz' first attorney withdrew from the case on May 17, 1985, and Katzen entered his appearance for Heintz at about the same time.

Heintz' Second Amended petition in his suit against the newspapers alleged breach of the employment contract. The petition claimed specifically that Heintz was an independent contractor, and that this agency relationship was coupled with an interest; that Heintz had built up an equitable interest in his route; that said interest was widely known in the community and among other carriers and deliverers; and that the termination of Heintz' employment without consideration for his route was improper and wrongful.

The newspapers moved for summary judgment following the filing of Heintz' Second Amended petition. Neither party filed affidavits or suggestions in support of or in opposition to the motion. The motion was subsequently granted. This court affirmed that grant of summary judgment. In the memorandum supporting its order, this court stated that the following facts were uncontroverted: Heintz' employment was pursuant to an oral contract; said contract was not time-specific; Heintz paid nothing for the route originally; Heintz was paid nothing for that portion of the route which the newspapers revoked; the newspapers had in the past terminated the employment of other carriers without compensating them for their route; and the newspapers never sold a route to a carrier. In addition, this court stated Heintz could not recover on the theory that this relationship with the newspapers was an agency coupled with an interest.

Heintz filed his legal malpractice negligence action against both Swimmer and Katzen on February 22, 1988. Swimmer was dismissed without prejudice on July 19, 1988. Heintz alleged three bases for negligence. He first claimed Katzen negligently failed to investigate Heintz' claims and failed to develop substantial evidence. The basis for this allegation was that Heintz had obtained several carriers who were willing to testify that they had sold their routes for value prior to Heintz' termination, and that people in the industry were aware this was occurring. There are no facts on the record showing the sale of these other routes had any application to Heintz' route. Heintz also complained Katzen negligently failed to utilize the fact that three months after Heintz was terminated, the newspapers executed written contracts recognizing proprietary rights in the carriers, their ability to sell the routes, and their right not to be terminated, even for cause, without first having the opportunity to sell their routes.

Heintz next claimed Katzen negligently failed to investigate the law and failed to utilize theories which would have supported Heintz' recovery. He contended Katzen did not allege any proprietary rights for which plaintiff should have been compensated and also did not utilize any estoppel arguments.

Heintz finally alleged Katzen was negligent in not properly defending the motion for summary judgment in the underlying suit. He argues Katzen should have submitted affidavits in opposition to the motion. Heintz did not set forth any facts in support of this general statement.

Katzen filed a motion to dismiss Heintz' petition for failure to state a claim upon which relief could be granted. The court did not rule on this motion. On February 28, 1990, Katzen filed a motion for summary judgment. This motion essentially stated that the only issue was whether Heintz could succeed on an equitable estoppel theory. The motion argued that Heintz could not have recovered under this theory, because Heintz first became aware that other carriers were selling their routes only after his termination. Thus the element of reliance necessary to support an estoppel theory could not have been established, as Heintz could not have relied on these facts to his detriment. *Willman v. Phelps*, 631 S.W.2d 63, 67[9] (Mo.App.1982).

Heintz replied to Katzen's motion for summary judgment with his suggestions in opposition on May 22, 1990. In his suggestions, Heintz claimed he could not only recover on a theory of equitable estoppel,

but that he could also recover under theories of promissory estoppel, waiver, custom, usage, course of dealing, and recoupment. Heintz further claimed there was a question as to whether the carriers had a property interest in their routes which was more than a contractual right. Regardless of which theory he put forth, however, at that point Heintz had not stated sufficient facts to show that the result in the underlying case would have been different had his attorney acted properly.

■ This brings us to Heintz' first contention on appeal. He argues the judgment should be reversed because Katzen's motion for summary judgment did not address all of Heintz' theories for recovery. It is true that summary judgment may not be granted in a case where the evidentiary facts set forth in the matters supporting the motion fail to negate a material issue raised in the pleadings, even where the opposing party has failed to file an appropriate response. *Labor Discount Center v. State Bank & Trust Co.*, 526 S.W.2d 407, 429[37] (Mo.App.1975). However, to raise a question of a material fact, appellant must do more than allege it exists. The facts pleaded by Heintz were not sufficient to raise a material issue in any way different than those in front of the court in *West County Journals.* Further, Heintz put these other theories of recovery before the court when he filed his suggestions in opposition. In ruling on this motion, where the litigation had been ongoing, the court could consider all pleadings, depositions, admissions and affidavits on file, as well as the record in the underlying case. *Cologna v. Farmers and Merchants Ins. Co.*, 785 S.W.2d 691, 699[1] (Mo.App.1990).

While analyzing each of Heintz' theories of recovery, it must be borne in mind that our review of an order granting summary judgment is similar to our review of a court-tried case in that the judgment must be affirmed if it is sustainable on any theory. *Cologna*, 785 S.W.2d at 698[1]. Initially, it must be noted that Heintz' affidavit countering Katzen's motion for summary judgment is of questionable value. The statements made therein do not appear to be made on Heintz' personal knowledge.

The facts it sets forth do not appear to be admissible in evidence, and the affidavit does not show Heintz was competent to testify to the matters therein. Rule 74.-04(e).

■ Heintz' first theory of recovery is that of equitable estoppel. However, nowhere in the record is there any affirmative showing that Heintz had any knowledge or belief about whether his route was of any value before his termination. Accordingly, Heintz could not rely on such knowledge or belief. Reliance is a necessary element of equitable estoppel. *Lake St. Louis Community Assoc. v. Ravenwood Properties, Ltd.*, 746 S.W.2d 642, 646[8] (Mo.App.1988).

■ Heintz next avers he could have recovered under a theory of promissory estoppel. Promissory estoppel makes binding a promise which induces action or forbearance on the part of the promisee if the injustice can be avoided only by enforcement of the promise. *Longmier v. Kaufman*, 663 S.W.2d 385, 389[2] (Mo.App. 1983). Appellant failed to set forth any facts creating an issue of whether the newspapers made a promise. Heintz could therefore not recover under the theory of promissory estoppel, as a matter of law.

■ Heintz' third theory of recovery is that of waiver. The theory of waiver is founded upon the intentional relinquishment of a known right. *Brown v. State Farm Mut. Auto. Ins. Co.*, 776 S.W.2d 384, 386 (Mo.banc 1989). If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right. *Id.* at 387. Heintz failed to set forth facts creating an issue of the newspapers intentionally relinquishing their right to terminate Heintz. Evidence that the newspapers offered other carriers a contract containing such a provision three months after Heintz' termination is not sufficient.

■ Heintz next argues he could have recovered under a theory of custom, usage and course of dealing. However, he failed to allege any facts establishing a custom or course of dealing that would alter the actual contract. *Buxton v. Harsh*, 631 S.W.2d

95, 98[7] (Mo.App.1982). Heintz therefore cannot recover under this theory.

██ Heintz' contention that he could have recovered under a theory of a power coupled with an interest is also incorrect. Heintz established no facts which indicated he had an ownership interest in, or control over, the route. *Meyer v. Pulitzer Publishing Co.*, 156 Mo.App. 170, 136 S.W. 5, 7[4] (1911).

██ Heintz next asserted that the theory of a property interest which was more than a contractual right would have led to his recovery. However, this court ruled that Heintz did not possess such a right. Heintz thus cannot recover under that theory as a matter of law.

██ Heintz cannot recover under a theory of recoupment as a matter of law. Recoupment cannot be used to seek an affirmative judgment. *Clayton Brokerage Co., Inc. v. Pilla*, 632 S.W.2d 300, 305[4] (Mo.App.1982).

██ Finally, Heintz contends he had a meritorious theory of recovery on the theory of breach of a fiduciary duty. Heintz failed to set forth the facts to show that a genuine issue of material facts existed that he reposed trust or confidence in the newspapers to establish such a fiduciary duty. *Hodges v. Hodges*, 692 S.W.2d 361, 377[23] (Mo.App.1985). Heintz could not recover under this theory as a matter of law.

██ Heintz' other point on appeal is that the trial court erred in not allowing him additional time to conduct discovery. Heintz requested, and was granted, a continuance the first time the motion was set for hearing. However, Heintz did not request a further continuance. Where a party fails to request a continuance of the hearing, he cannot complain the hearing was premature. *Cain v. Hershewe*, 777 S.W.2d 298, 301[4] (Mo.App.1989).

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.