WHATLEY, Judge.
Alfred L. Williams, II, appeals the final summary judgment entered in favor of Heritage Operating, L.P., d/b/a Heritage Propane in his action for breach of contract. We reverse.
In 1996, Williams entered into a contract with Peoples Gas, Heritage’s predecessor, to purchase LP gas. The contract entailed the installation of a tank in Williams’ yard for the storage of the gas. In March 2005, Williams received, for the first time, an invoice for tank rental.
Williams argues that by charging him for tank rental, Heritage breached its contract with him because the contract only allows Heritage to change its charges for gas or service and a tank is neither gas nor a service. The contract provision at issue states as follows: “Company has the right to alter its schedule of charges for LP Gas and service at any time without notice.” Heritage argues that this provision clearly and unambiguously allows the charging of a fee for the service of supplying the gas tank.
In entering summary judgment in favor of Heritage, the trial court made several findings. First, the court found that because the contract contained no provision regarding duration, it was terminable at will and would not support a breach of contract claim. While termination of a terminable at will contract will not support a breach of contract claim, allegations that the terminable at will contract was breached during the time it was in effect between the parties will support such a claim. Florida-Georgia Chem. Co. v. Nat’l Labs., 153 So.2d 752, 754 (Fla. 1st DCA 1963). Williams did not allege that Heritage breached the contract by terminating it; he alleged that it breached the contract by charging him a fee not provided for in the contract. Thus, under these facts, his breach of contract claim was not barred on the ground that the contract was terminable at will.
Second, the trial court ruled that the contract provision at issue was clear and unambiguous and allowed Heritage “to alter its charges at any time. Accordingly, altering the charges to include the tank rental fee does not constitute a breach of contract.” This finding improperly focuses on only one part of the provision at issue. The provision does not just allow for the altering of any charges at any time, it specifies those charges to be “for LP Gas and service.” The issue is whether “service” encompasses tank rental.
The trial court addressed that issue in its third finding, wherein it ruled that the subject provision was clear and unambiguous and that “Tank Rental clearly represents a charge for service.”
Williams argues that a tank is a thing, not a service. He notes that the tank rental invoice includes sales tax and that in Florida, services are not taxed. Heritage argues that it is charging a fee for the service of supplying the gas tank. We believe that the parties both present plausible interpretations of the provision at issue, and we cannot say as a matter of law that one or the other is clearly correct. Where there are two reasonable interpretations of a contract, “summary judgment is inappropriate because there is a genuine issue of material fact.” Fecteau v. Se. Bank, N.A., 585 So.2d 1005, 1007 (Fla. 4th DCA 1991).
*808 Finally, the court noted that Williams had voluntarily paid the tank rental fee and that because the contract is terminable at will, he could have terminated the contract instead of continuing to pay the rental fee. While Williams could have taken this course of action, Heritage has cited no authority requiring him to do so. Obviously, Williams did not want to terminate the contract; he wanted to correct what he alleged was a breach of that contract. According to Williams’ affidavit filed in response to Heritage’s motion for summary judgment, Williams contacted Heritage soon after receiving the tank rental invoice in April 2005 regarding this change to the contract. When he was not able to get Heritage to waive the rental fee, he left a voice mail message with corporate counsel asserting that Heritage did not have the right to charge him a fee for tank rental. He received no response from counsel, and he filed his action for breach of contract in November 2005. Thus, he did not fail to declare a breach of contract while continuing to perform under the contract. Cf. Acosta v. Dist. Bd. of Trs. of Miami-Dade Cmty. Coll., 905 So.2d 226, 229 (Fla. 3d DCA 2005) (quoting Dep’t of Envtl. Prot. v. Gloucester Envtl. Mgmt. Servs., 264 F.Supp.2d 165, 177-78 (D.N.J.2003)).
Because we cannot say as a matter of law that the contract provision at issue allows for the charge of a gas tank rental fee, we reverse the final summary judgment and remand for further proceedings.
Reversed and remanded.
DAVIS and SILBERMAN, JJ., Concur.