TILLMAN PEARSON, Judge.
The plaintiff appeals a summary final judgment for the defendant. The cause was filed in the Civil Court of Record for Dade County. The basis of the summary final judgment was the holding that under the undisputed facts the plaintiff had recovered a prior judgment upon the same cause of action and that the instant action was barred by the rule which forbids the splitting of a cause of action. See Mims v. Reid, Fla. 1957, 98 So.2d 498.
The appellant presents two points. The first urges that the trial judge was precluded from the granting of the motion for summary judgment because a previous motion had been denied upon consideration of the same evidence. No Florida case is presented on this point but the appellant relies upon Allstate Finance Corporation v. Zimmerman, 296 F.2d 797 (5th Cir. 1961). We need not decide whether this is the rule in Florida because the cited case holds that where new proofs are submitted on the second motion for summary judgment, the trial court has the poiyer to grant the second motion. The trial judge in the instant case clearly relied upon new proofs submitted upon the second motion even though the principle of law asserted was the same.
Appellant’s second point urges that the defendant was not entitled to the judgment as a matter of law because the rule against the splitting of a cause of action was not applicable in this case. He argues that the rule will not be applied as a bar to the second action if the plaintiff, because of unavoidable ignorance as to the extent of items of damage, or by reason of mistake, fails to include his full claim in the *628 first suit He relies upon Rosenthal v. Scott, Fla. 1963, 150 So.2d 433.
The record reveals that the plaintiff filed suit in the Justice of Peace Court on July 30, 1962, for medical expenses incurred as a result of injuries received by his dog' in a dog fight which occurred on July 1, 1962. On August 2, 1962, plaintiff’s dog died. Plaintiff relied upon legal advice given to him by the Clerk of the Justice of Peace Court and proceeded to trial where he testified that the dog had died. He received a judgment which was satisfied.
We interpret the holding in the Rosenthal case, supra, as recognizing an exception to the rule against the splitting of a cause of action where one element of damage (usually property loss) is the subject of insurance. The exception may be further limited by the facts of the Rosen-thal case which we need not set forth here. We conclude that the appellant has not brought himself within the holding of Rosenthal v. Scott, supra, and affirm.
Affirmed.