400 So.2d 86 (1981)
ALLINGTON TOWERS NORTH, INC., a Florida Corporation, Appellant,
v.
Annette H. RUBIN, a/K/a Annette Rubin, Appellee.
No. 80-1476.
District Court of Appeal of Florida, Fourth District.
June 3, 1981.
Rehearing Denied July 13, 1981.
*87 Steven R. Rosenthal of Litman, Muchnick & Wasserman, Hollywood, for appellant.
Jesse H. Diner of Atkinson, Golden, Bacen & Diner, P.A., Hollywood, for appellee.
HERSEY, Judge.
Appellant, seller, appeals from a final judgment which determined that appellee was entitled to specific performance of a contract for the purchase and sale of a condominium apartment.
A purchase agreement, binding on all parties, was initially entered into. Thereafter an addendum was added as follows:
[I]t is expressly agreed that the Buyer shall have the absolute and unfettered right to cancel and/or rescind said Purchase Agreement any time before closing, notwithstanding any contrary provisions in the Purchase Agreement.
Various subsidiary issues are tendered by the record and the briefs but the crux of this case depends upon whether the written agreement, including this addendum, is unenforceable as lacking mutuality of obligation and mutuality of remedy.
A preliminary skirmish evolved out of appellant's failure to specifically plead lack of mutuality as an affirmative defense but we determine that to be of no legal consequence for several reasons, any one of which would be sufficient to carry the day for appellant. First, failure of consideration was pled as an affirmative defense. This was a bilateral contract, executory as to both obligations. The seller promised to deed the property over and the buyer promised to pay for it. If either of those promises is illusory or unenforceable then there is no consideration for the other promise. The appropriate defense would be lack of consideration. Jenkins v. City Ice & Fuel Co., 118 Fla. 795, 160 So. 215 (1935). Here there is evidence that the addendum, which is alleged to make the purchaser's promise illusory, was executed subsequent to execution of the contract. Thus the defense is appropriately referred to as failure of consideration. Second, the addendum was admitted into evidence without objection. *88 Testimony referring to it and the consequent unenforceability of the contract against the purchaser also came in without objection. Only in final argument did appellee suggest that lack of mutuality was not properly in issue. Under the circumstances it would be appropriate to consider that the issue was impliedly tried by consent pursuant to Rule 1.190(b), Florida Rules of Civil Procedure. Third, mutuality of obligation and mutuality of remedy are essential elements of an enforceable contract and therefore, in order to obtain specific performance, mutuality must exist. Howard Cole & Co. v. Williams, 157 Fla. 851, 27 So.2d 352 (1946). This court has also held that mutuality of obligation and remedy must exist for a specific performance suit to succeed. Burger Chef Systems, Inc. v. Burger Chef of Florida, Inc., 317 So.2d 795 (Fla. 4th DCA 1975).
The result of engrafting the addendum provision onto the contract is to require the seller to convey if the purchaser decides to go forward. On the other hand it leaves the seller with no corresponding right to enforce a sale and closing. We cannot envision a clearer case of lack of mutuality.
Accordingly, we reverse the final judgment and remand this cause for the entry of a judgment for defendant, appellant.
REVERSED AND REMANDED.
BERANEK, J., and WARREN, LAMAR, Associate Judge, concur.