404 So.2d 1138 (1981)
Tod W. BOSSERT, Appellant,
v.
PALM BEACH COUNTY COMPREHENSIVE COMMUNITY MENTAL HEALTH CENTER, INC., Appellee.
No. 80-2114.
District Court of Appeal of Florida, Fourth District.
October 21, 1981.
Frank B. Kessler of Zwickel, Gross & Kessler, Lake Worth, and Lois J. Frankel, West Palm Beach, for appellant.
Thomas A. Sheehan, III, of Moyle, Jones & Flanigan, West Palm Beach, for appellee.
PER CURIAM.
Plaintiff appeals from the final dismissal of his complaint for breach of an employment contract. Plaintiff, a psychologist, filed suit alleging breach of a contract between himself and the Palm Beach County Comprehensive Community Mental *1139 Health Center, Inc. The defendant moved to dismiss the complaint and the trial court granted the motion with prejudice based upon defendant's assertion that the contract, on its face, lacked consideration and was unenforceable. The contract specifically obligated both parties to a five-month term of employment during which plaintiff was to work a certain number of hours per week. Plaintiff was to be paid a fixed amount for his hours. The contract gave plaintiff the prerogative of reducing the hours he might work by serving written notice two weeks in advance of the date on which he intended to reduce his hours. This restriction constituted sufficient consideration upon which to base an enforceable contract. See Thompson v. Shell Petroleum Corporation, 130 Fla. 652, 178 So. 413 (1938). The legal principle requiring mutuality in contracts does not require that in every case each party have the same remedy. The fact that a contract may, under certain definite circumstances, be terminable at the option of one of the parties does not, as a matter of law, render the contract unenforceable for want of mutuality. See also Rollins Services v. Metropolitan Dade County, 281 So.2d 520 (Fla. 3d DCA 1970). We conclude that the trial court erred in dismissing this complaint with prejudice and remand for further proceedings.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., and OWEN, WILLIAM C., Jr., Retired, Associate Judge, concur.