407 So.2d 216 (1981)
PICK KWIK FOOD STORES, INC., Appellant,
v.
James H. TENSER, Appellee.
No. 80-1348.
District Court of Appeal of Florida, Second District.
July 10, 1981.
As Modified on Denial of Rehearing November 18, 1981.
*217 Herbert W. Langford and James Schwartz of Haworth, Langford & Turtzo, Clearwater, and Ross R. Kinney and Ronald E. Klipsch of Quarles & Brady, Milwaukee, Wis., for appellant.
George R. McLain of Harnden, McLain, Spivey & Dart, and Daniel Joy, Sarasota, for appellee.
DANAHY, Judge.
A contract entered into by the parties' respective predecessors in interest is the subject of this lawsuit. The trial judge ruled as a matter of law that appellant was bound by the contract and guilty of breaching it, and a jury awarded appellee the sum of $100,000 in damages for the breach. We reverse.
The original parties to the contract were In & Out Food Stores, Inc., and Petrol Express. In & Out Food Stores leased premises on which it operated a convenience store and the contract gave Petrol Express the right to conduct retail sales of gasoline on the premises. To that end, the contract allowed Petrol Express to install the necessary equipment and machinery for dispensing gasoline at retail, which Petrol Express agreed to do, and prohibited In & Out Food Stores from selling or permitting the sale of any gasoline products other than those provided by Petrol Express. In & Out Food Stores agreed to collect all proceeds from the sale of gasoline and deposit the same in an account in the name of Petrol Express. Net profits were to be divided equally between the parties. Petrol Express commenced a retail sales of gasoline business at the In & Out Food Stores' location pursuant to this arrangement, and it proved to be profitable.
Appellant acquired In & Out Food Stores' leasehold interest and convenience store business several years later. In the meantime, appellee required the rights of Petrol Express under the contract. Following appellant's acquisition of the convenience store, appellee continued to operate the retail gas business at that location. Some thirty months later appellant informed appellee that it did not consider itself bound by the contract and terminated its relationship with appellee. For that alleged breach of contract, the jury awarded appellee an amount representing lost profits plus attorney's fees, the latter being provided in the contract to the party required to bring legal proceedings for its enforcement.
Appellant's first line of defense is that it did not assume or acquire the burden of any *218 obligation under the contract, as a matter of law, by reason of its purchase of In & Out Food Stores' leasehold interest. We need not reach that question because we conclude that the executory features of the contract were void from the beginning for lack of consideration or, as the rule is sometimes expressed, for lack of mutuality.
The contract expressly grants appellee, as successor in interest to Petrol Express, the unrestricted right to remove his equipment and machinery from appellant's premises and terminate the contract at any time. A bilateral contract terminable at the will of one party is not binding, and may be terminated by either party without liability for payment of damages representing lost profits anticipated by the other. This rule is sometimes expressed as the requirement that there must be mutuality of obligation with respect to contracts to be performed in the future.[1] A binding contract requires consideration. In a bilateral contract, the promise of one party constitutes the sole consideration for the promise of the other. If one party has the unrestricted right to terminate the contract at any time, that party makes no promise at all and there is not sufficient consideration for the promise of the other. E.I. Du Pont De Nemours & Co. v. Claiborne-Reno Co., 64 F.2d 224 (8th Cir.1933); Miami Coca-Cola Bottling Co. v. Orange Crush Co., 296 F. 693 (5th Cir.1924); Jacob Schmidt Brewing Co. v. Minot Beverage Co., 93 F. Supp. 994 (D.N.D. 1950); Allington Towers North, Inc. v. Rubin, 400 So.2d 86, (Fla. 4th DCA 1981); I Williston on Contracts (3d Ed.) § 104 at 401.
Other than to install equipment, maintain it in good repair, and carry liability insurance while the equipment remained on appellant's premises, appellee had no express or implied commitment under the contract to do anything. He could remove the equipment at any time. Therefore, appellant was not committed under the contract and was entitled to terminate appellee's gasoline sales business on appellant's premises. Since appellant is not liable to appellee for damages representing future lost profits, the judgment in appellee's favor is erroneous.
REVERSED and REMANDED with directions to enter judgment for appellant.
GRIMES, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Mutuality of obligation is a concept separate and distinct from the equitable doctrine requiring mutuality of remedy. In equity, lack of mutuality means that equity will not give specific performance to a contract unless there is mutuality in the sense that the plaintiff's promise, so far as it is still unperformed, is capable of equitable enforcement. 1 Williston on Contracts, 3d ed., § 105A at 423. Appellee correctly points out that in Thompson v. Shell Petroleum Corp., 130 Fla. 652, 178 So. 413 (1938), a lessee's option to terminate a lease was held not destructive of "mutuality" so as to preclude the lessee from obtaining injunctive relief against the lessor. However, "mutuality" in that case referred to mutuality of remedy, not mutuality of obligation. Unlike the instant case, the lessee's right to terminate did not destroy the mutuality of obligation in the lease agreement, and lack of consideration was not an issue. Appellee's reliance on the Thompson case, therefore, is misplaced.