In re BOOGAART OF FLORIDA,
INC., et al., Debtors.

Bankruptcy No. 81–00452–BKC–SMW.

United States Bankruptcy Court,
S. D. Florida.

Sept. 16, 1982.

A. Rodger Traynor Jr., Miami, Fla., for Sun Bank.

David M. Levine, Miami, Fla., for debtor.

ORDER ON REQUEST FOR ALLOW-
ANCE AND FOR PAYMENT OF AN
ADMINISTRATIVE EXPENSE FIL-
ED BY SUN BANK OF MIAMI

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER came on to be heard by the Court on September 10, 1982 upon the Request For Allowance and For Payment of An Administrative Expense filed by Sun Bank of Miami ("Sun Bank") and the Objection thereto filed by the Debtors. The Court has examined Sun Bank's Request for Allowance and the Objection thereto, has considered the agreed facts and the arguments of counsel for the parties, and has been otherwise fully advised in the premises.

Sun Bank's claim in the amount of $6,610.39 represents the final overdraft balance in certain checking accounts which were maintained at Sun Bank by Boogaart of Florida, Inc. ("Boogaart-Florida") prior to the filing of the latter's Chapter 11 petition for reorganization on March 30, 1981. The overdraft was created when a number of checks which had been deposited by Boogaart-Florida in the accounts pre-petition and for which Boogaart-Florida had received provisional credits were returned unpaid after the commencement of the Chapter 11 proceedings. Sun Bank asserts that it is entitled to receive payment of its claim as an administrative expense under 11 U.S.C. § 503(b)(1)(A) because the overdraft balance represents the actual and necessary costs and expenses of preserving the estate of the Debtors. The Debtors assert that Sun Bank's claim is not allowable as an

administrative expense under 11 U.S.C. § 503(b)(1)(A) but that the claim should be reclassified and allowed as a general unsecured claim.

 The Court finds that Sun Bank's claim is not allowable as an administrative expense and should be reclassified and allowed as a general unsecured claim. It is clear that only those obligations of a debtor's estate which arise post-petition and fall within the parameters of 11 U.S.C. § 503(b) are entitled to treatment as administrative expenses. Sun Bank's claim, consisting of the final overdraft balance in the accounts maintained pre-petition by Boogaart-Florida, does not derive from or represent any actual or necessary costs and expenses incurred by Sun Bank after the commencement of the Chapter 11 proceedings in an effort to preserve the estate of the Debtors for the benefit of all creditors. *See* 11 U.S.C. § 503(b)(1)(A); *In re Meyer's Inc.,* 15 B.R. 390, 392 (Bkrtcy.S.D.Cal.1981). Under applicable Florida law, Sun Bank's claim is properly assertable only against its depositor, Boogaart-Florida as Debtor, and not against Boogaart-Florida as Debtor-in-Possession, a separate entity which did not maintain any accounts at Sun Bank. *Florida Statutes* §§ 674.201, 674.212 and 674.401 (1981). The mere fact that the overdraft balance was computed or liquidated after the commencement of the bankruptcy case does not transform the Sun Bank claim into an allowable expense of administration. *See* 11 U.S.C. § 101(4)(A). Accordingly, it is

ORDERED that Sun Bank's Request for Allowance and For Payment of An Administrative Expense is hereby denied with prejudice and Sun Bank's claim in the amount of $6,610.39 is hereby reclassified and allowed in full as a general unsecured claim against the substantively consolidated estates of the Debtors to be paid in accordance with the Debtors' Consolidated Plan of Reorganization, as modified.