446 So.2d 1138 (1984)
LAUREN, INC., D/B/a Ace Saxon/Mar-Tab Vending Company, Appellant,
v.
MARC & MELFA, INC. D/B/a Hunter's Lounge, and Gary Melfa, Appellees.
No. 83-138.
District Court of Appeal of Florida, Third District.
March 13, 1984.
Ira Marcus, Fort Lauderdale, for appellant.
Schwartz & Nash and Dale Heckerling, Miami, for appellees.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
HUBBART, Judge.
The plaintiff Lauren, Inc. d/b/a Ace Saxon/Mar-Tab Vending Company [Lauren] appeals an adverse judgment on the pleadings entered below in its action for breach of contract against the defendants Marc & Melfa, Inc. d/b/a Hunter's Lounge [Marc & Melfa] and Gary Melfa. The basis for the entry of the judgment below was the trial court's conclusion that the contract was unenforceable for lack of consideration because it was subject to termination without notice at the option of the plaintiff. We cannot agree and reverse.
According to the undisputed facts of the case as stated in the pleadings and attached contract, the plaintiff Lauren and the defendant Marc & Melfa entered into a contract on May 20, 1981, wherein the parties agreed that the plaintiff would install, operate, service and maintain certain coin-operated vending machines [i.e., music machines, amusement game machines, and cigarette machines] on the business premises of the defendant Marc & Melfa. The defendant Gary Melfa, the president of Marc & Melfa, personally endorsed and guaranteed this contract. The parties agreed to share the commissions earned from the vending machines in a particular manner not relevant here. The defendant Marc & Melfa also agreed that no vending machines other than the plaintiff's would be allowed to operate on the business premises of the said defendant. The term of the contract was five years. Finally, the plaintiff reserved the right to terminate the contract under the following conditions:
"In the event the Company [plaintiff herein] should at any time during the term of this Agreement deem that its machines being leased herein are being misused, jeopardized or neglected by the Proprietor [defendant Marc & Melfa], or that the sales made in the coin-operated machines and the revenue derived therefrom are inadequate and not in accordance with the Company's [plaintiff's] minimum requirements, then, and in that event, the Company [plaintiff] shall have the option to forthwith terminate this Agreement and the Proprietor [defendant Marc & Melfa] shall forthwith pay to *1139 the Company [plaintiff] any monies due and owing from the Proprietor [defendant Marc & Melfa] to the Company [plaintiff]."
The defendant Marc & Melfa during the term of the contract admittedly violated the agreement by allowing other vending machines, besides the plaintiff's machines, to operate on its business premises. The plaintiff thereupon brought suit below on April 28, 1982, for breach of contract, claiming damages for loss of profits due to the use of these competing vending machines on the defendant's business premises. After an answer and reply had been filed below, the trial court upon proper motion entered a judgment on the pleadings for the defendants herein. The plaintiff appeals.
Our central disagreement with the judgment under review is the conclusion reached therein that the subject contract is terminable at the will of the plaintiff and is therefore unenforceable for lack of consideration. If the contract were subject to such unrestricted termination at the pleasure of the plaintiff, we agree that this contract would fail for want of consideration. Pick Kwik Food Stores, Inc. v. Tenser, 407 So.2d 216 (Fla. 2d DCA 1981), pet. for rev. denied, 415 So.2d 1361 (Fla. 1982); Restatement (Second) of Contracts § 77, Illustration 2 (1981). Such is not, however, the case here. The plaintiff may cancel the contract only upon certain stated conditions, as set out in some detail above, and is not authorized to cancel the contract at its whim or caprice. These stated conditions, although not stringent, represent, we think, legally viable restrictions on the power of the plaintiff to terminate the subject contract. This being so, the plaintiff's promises to perform as contained in the contract are not illusory and constitute sufficient consideration to render this contract enforceable. This result is in accord with the weight of modern authority on this subject. 1A Corbin on Contracts § 161 (1963); Restatement (Second) of Contracts § 77 (1981); see also, Bossert v. Palm Beach County Comprehensive Community Mental Health Center, Inc., 404 So.2d 1138 (Fla. 4th DCA 1981) (contract containing option to cancel upon giving proper notice upheld); Rollins Services v. Metropolitan Dade County, 281 So.2d 520 (Fla. 3d DCA 1973), cert. denied, 290 So.2d 64 (Fla. 1974) (same).
1 Williston on Contracts § 105 (3d ed. 1957) states the applicable law as follows:
"An agreement wherein one party reserves the right to cancel at his pleasure cannot create a contract.

Since the courts, however, do not favor arbitrary cancellation clauses, the tendency is to interpret even a slight restriction on the exercise of the right of cancellation as constituting such legal detriment as will satisfy the requirement of sufficient consideration; for example, where the reservation of right to cancel is for cause, or by written notice, or after a definite period of notice, or upon the occurrence of some extrinsic event, or is based on some other objective standard." (footnotes omitted) (emphasis added).
Simpson, Law of Contracts § 56 (2d ed. 1965) states the law as follows:
"Although an absolute option to cancel reserved by the promisor is a non-detrimental alternative, any option to cancel which is limited as to time, or conditioned upon an act which is itself detrimental, will not deprive the promise of legal value. So a promise by A to buy stated goods or to notify B that he does not want them, is a sufficient consideration for a counter promise. Though the alternative of giving notice is not very burdensome, still it involves an act made necessary by the promise, so there is no `free way out' for the promisor and the promise constitutes detriment. A promise to buy conditioned upon the buyer's `satisfaction' as to the goods agreed to be sold is not illusory since the buyer is at liberty to reject the goods only if he is in fact dissatisfied." (footnotes omitted) (emphasis added)
The judgment under review is therefore reversed and the cause is remanded for further proceedings.
Reversed and remanded.