449 So.2d 317 (1984)
PONCE DEVELOPMENT COMPANY, Appellant,
v.
Luis A. ESPINO and Judith B. De Espino, Appellees.
No. 83-1146.
District Court of Appeal of Florida, Third District.
March 27, 1984.
Opinion Clarified and Rehearing Denied May 8, 1984.
*318 Steel, Hector, Davis, Burns & Middleton and L. Martin Reeder, Jr., Palm Beach, for appellant.
Schwartz & Nash and Dale A. Heckerling, Miami, for appellees.
Before BARKDULL, NESBITT and FERGUSON, JJ.
FERGUSON, Judge.
The dispositive issue is whether a "lack of mutuality" defect, present in the contract at its inception, was cured by the subsequent performance of the promisor.
On September 29, 1980, Ponce Development Company (appellant) and the Espinos (appellees) entered into a written contract whereby Ponce was to construct and convey to the Espinos a condominium unit for $89,800. Completion and delivery was required within thirty months. The Espinos agreed to pay a twenty percent deposit, and the balance at closing.
Within the thirty-month period allowed for completion of construction Ponce's attorney wrote the Espinos' attorney a letter advising him that Ponce was "ready, willing and able" to close the sale, and scheduling a closing for ten days after counsel's receipt of the letter. On the same day the Espinos' attorney wrote Ponce's attorney demanding the return of the deposit. The Espinos refused to close; Ponce refused to return their deposit.
The Espinos filed a two-count complaint against Ponce seeking a declaration that the contract was unenforceable because it was executed by their son without authority and because it lacked mutuality of obligation, and seeking an award of damages in the amount of the deposit. The issues were joined. Subsequently, the Espinos filed a motion for judgment on the pleadings which alleged that the contract was void as a matter of law because it imposed no enforceable duties on Ponce, the seller. Judge Rhea Grossman heard and denied the motion by written order dated July 15, 1982. Five months later the plaintiffs moved for summary judgment, without affidavits or other proof, on the same legal ground, i.e., a challenge to the validity and enforceability of the agreement. The motion was heard and granted by another judge. This appeal is brought from that summary judgment.[1]
We agree that the construction contract in this case, as drafted by Ponce, *319 lacked mutuality of obligation at its inception in that the promisor's (Ponce's) duty under the agreement was optional. As long as the contract remained a bilateral executory agreement it was unenforceable against the Espinos. See Sanchez v. Crandon Wholesale Drug Co., 173 So.2d 687 (Fla. 1965), adopting Florida-Georgia Chemical Co. v. National Laboratories, Inc., 153 So.2d 752 (Fla. 1st DCA 1963); Allington Towers North, Inc. v. Rubin, 400 So.2d 86 (Fla. 4th DCA 1981). But when the contract became executed by the promisor's full performance according to the terms of the contract  except as to transfer of title at a closing, which final act was impeded by the promisee  the defect of lack of mutuality of obligation was cured and could not be a defense to enforcement of the contract. In reversing we rely also on Russell v. Martin, 88 So.2d 315 (Fla. 1956); Le Noir v. McDaniel, 80 Fla. 500, 86 So. 435 (Fla. 1920) (lack of mutuality is no defense in the case of a contract which, although unenforceable at its inception because of such defect, is executed by performance of the promisor, thus becoming binding on the parties); and Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982) (a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee; thus, where appellant did not perform for the entire year only because appellee made it impossible for appellant to do so, appellant's performance of the promise was complete). See also Fernandez v. Vazquez, 397 So.2d 1171 (Fla. 3d DCA 1981) (a party's good faith cooperation is an implied condition precedent to performance of a contract and when that cooperation is withheld the recalcitrant party is estopped from availing himself of his own wrongdoing).
Reversed and remanded.
BARKDULL, Judge, dissenting.
The contract in the instant case provided that the seller had no responsibility to the purchaser, Espino. Prior to any tender of complete performance by the seller, the purchaser elected to rescind. I think the case is controlled by Allington Towers North, Inc., v. Rubin, 400 So.2d 86 (Fla. 4th DCA 1981) and the trial court should be affirmed.

ON MOTION FOR CLARIFICATION
PER CURIAM.
The discussion in the majority opinion considers only those facts which favor the nonmoving party, and the conclusion reached does not establish a law of the case. The holding is simply that the movant failed to establish conclusively the nonexistence of genuine issues of fact, therefore, summary judgment was inappropriate. Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
NOTES
[1] One of the points on appeal is that it was error to grant a summary judgment on the same principle of law on which the motion was previously denied absent new proofs, citing Unger v. Bergness, 172 So.2d 627 (Fla. 3d DCA 1965) and Calder Race Course, Inc. v. Metropolitan Dade County, 42 Fla. Supp. 129 (Fla. 11th Cir.Ct. 1975). It is unnecessary to address this point because the "lack of mutuality" issue is dispositive.