458 So.2d 781 (1984)
LUDAL DEVELOPMENT COMPANY, Appellant,
v.
FARM STORES, INC., Appellee.
No. 83-1727.
District Court of Appeal of Florida, Third District.
October 9, 1984.
Rehearing Denied December 3, 1984.
Arky, Freed, Stearns, Watson & Greer and Eugene Stearns and Bradford Swing, Miami, for appellant.
Hornsby & Whisenand and Ronald P. Weil, Miami, for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
HENDRY, Judge.
Appellant Ludal Development Company appeals from a ruling of the circuit court finding that a five year lease renewal option given to appellee Farm Stores, Inc. *782 was valid and enforceable and setting a reasonable rent for the period at $2,000.00 per month. We affirm.
Appellee Farm Stores entered into a lease on the subject property in 1965. One of the lease provisions granted appellee the option of extending the lease for two successive five year terms at the expiration of the original twelve year lease. Appellee exercised the first five year option in 1977. The property was sold, subject to the lease in June, 1981. There was a dispute between appellee and the new owner, Mr. Arias, over the rental payment that month, the new owner declaring the lease to be in default and appellee thereafter paying the monthly rent into its attorney's trust account.[1] Arias filed suit for eviction, which was dismissed. He then filed a declaratory relief action seeking a determination that 1. appellee was in default because of the rent dispute and 2. the second lease extension option was unenforceable because the lease itself did not set a price term for the new period but provided instead for negotiation and agreement between the parties at the time of the extension, or, in the event that the parties could not agree on a new rental price, that appellee would be given the right of first refusal of any bona fide offer received by the landlord.
On June 21, 1982, Mr. Arias sold the property to appellant's assignor, Mr. Alvarez. On May 7, 1982, prior to the actual closing on the property, Mr. Alvarez sent a letter to appellee offering to negotiate a lease extension. The letter stated, however, that Mr. Alvarez expected to receive $73,656.00 per year as rent and that this amount was firm and non-negotiable. Appellee had been paying approximately $4,700.00 per year in rent as well as paying the property tax bill. On May 9, appellee sent a telegram and followed with a letter on May 10 to Mr. Arias notifying him that it was electing to exercise the lease extension option. The record reflects that appellee offered to pay $14,400.00 per year as rent during the second lease extension. Thereafter, the parties could not agree on a rent for the extension period, appellant refused to offer the property for rent so that appellee could exercise its right of first refusal as provided for in the lease, and in August, 1982, appellant joined Mr. Arias as a plaintiff in the pending declaratory relief action.
Plaintiffs moved for summary judgment. After a hearing, the trial court decided that appellee was not in default on the June, 1981 rent payment, the extension option provision in the lease was valid and enforceable, and that the only remaining issue for trial was the amount of a reasonable rent. After a trial on that issue, the court decided that $2,000.00 per month was a reasonable rent for the five year extension period. In addition the court set the amounts owed as back rent by appellee to Mr. Arias and appellant. This appeal ensued.[2]
The trial court correctly found that the lease extension provision was valid and enforceable because, while there was no price term specified in the extension provision itself, there was a method provided by which a rental price could be established in the event the parties could not reach an agreement. The right of first refusal provision would allow the parties to ascertain the fair rental value of the property and thereafter to make a decision based on the offers (if any) received by the landlord.[3] With this requisite in the lease, the extension provision, which otherwise would be void for indefiniteness, becomes valid and enforceable. Edgewater Enterprises, Inc. v. Holler, 426 So.2d 980 (Fla. 5th DCA *783 1982); 3 G. Thompson, Real Property, § 1121 (J. Grimes 1980); 50 Am.Jur.2d, Landlord and Tenant, § 1165 (1970).
Furthermore, there is now the
"well-accepted concept that a lease is a contract and, as such, should be governed by the general contract principles of good faith and commercial reasonableness. One established contract principle is that a party's good faith cooperation is an implied condition precedent to performance of a contract. Where that cooperation is unreasonably withheld, the recalcitrant party is estopped from availing [himself] of [his] own wrongdoing."
Fernandez v. Vazquez, 397 So.2d 1171, 1173-74 (Fla. 3d DCA 1981). See also Ponce Development Co. v. Espino, 449 So.2d 317, 319 (Fla. 3d DCA 1984). Appellant, as its conduct demonstrates, has evidenced a strong disinclination to cooperate and negotiate in good faith as is required by the lease. We find that the trial court's ruling may be supported on this basis also.
The other issues raised by appellant are without merit.
Appellee has cross-appealed the amount of rent set by the lower court and its denial of attorneys' fees. We affirm both rulings.
Affirmed.
NOTES
[1] Within one month after purchasing the property, Mr. Arias executed a contract to sell the property to Mr. Alvarez. One provision of this contract required that appellee's lease end before the day of closing or Mr. Alvarez could rescind the contract.
[2] Mr. Arias did not join this appeal.
[3] It is important to reiterate that the right of first refusal was to be the determining factor in the negotiating process, and, as such, was not an option offered to appellant to accept or reject as it saw fit. Compare Coastal Bay Club, Inc. v. Holbein, 231 So.2d 854 (Fla. 3d DCA 1970). Thus, when appellant refused to place the property on the rental market to determine what a third party would be willing to pay, it was in breach of the lease agreement.