PER CURIAM:
 

 The trustee in bankruptcy appeals a judgment in favor of Alan D. Weiner, lessor of debtor Alchar Hardware Company. We affirm in part and reverse in part.
 

 The trustee first contends that the lease between Weiner and Alchar was unenforceable because it provided for an unrestricted right of termination. . If so, this would defeat Weiner’s claim under 11 U.S.C. §§ 365, 502(g) (1982) arising from the trustee’s rejection of the lease. However, the lease provides for • termination only if the lessor decides to remodel, alter or demolish all or part of the premises, gives 60 days’ written notice, and returns any security deposit. This is enough to render the contract enforceable.
 
 Bossert v. Palm Beach County Comprehensive Community Mental Health Center, Inc.,
 
 404 So.2d 1138 (Fla.Ct.App.1981).
 
 Cf. Pick Kwik Food Stores, Inc. v. Tenser,
 
 407 So.2d 216 (Fla.Ct.App.1981).
 

 Second, Alchar’s security deposit under the lease was not a “special fund” that could not be offset against other debts owed Weiner by Alchar. The “special fund” doctrine precludes a bank from exercising a setoff against a deposit which is known by it to be dedicated to a special use such as meeting payrolls or paying taxes,
 
 In re Applied Logic Corp.,
 
 576 F.2d 952, 958 (2d Cir.1978), or financing construction,
 
 U.S. v. Butterworth-Judson Corp.,
 
 267 U.S. 387, 45 S.Ct. 338, 69 L.Ed. 672 (1925).
 
 Cf. Hanover National Bank v. Suddath,
 
 215 U.S. 110, 30 S.Ct. 58, 54 L.Ed. 115 (1909). Moreover, the right of setoff against lease security deposits has been recognized before.
 
 See In re Pal-Playwell, Inc.,
 
 334 F.2d 389 (2d Cir.1964); S
 
 & W Holding Co. v. Kuriansky,
 
 317 F.2d 666 (2d Cir.1963).
 

 We agree with the trustee that Alchar’s electrical utility deposit with a local utility should not have been awarded to Weiner as an administrative expense under 11 U.S.C. § 503(b)(1). The award was improper because “only those obligations of a debtor’s estate which arise post-petition ...
 
 *869
 
 are entitled to treatment as administrative expenses.”
 
 In re Boogaart of Florida, Inc.,
 
 23 B.R. 157 (Bankr.S.D.Fla.1982).
 
 See also In re Baths International, Inc., 25
 
 B.R. 538 (Bankr.S.D.N.Y.1982);
 
 In re Coast Trading Company,
 
 31 B.R. 674 (D.Ore.1983).
 

 Finally, the supplemental pleading the trustee filed January 5, 1984 was not timely filed under Bankruptcy Rule 9023. Treating the pleading as a motion to amend the judgment, it was filed more than ten days after the judgment was entered on December 20, 1984.
 

 AFFIRMED in part, REVERSED in part.