# MARGOLIS v A. J. SIDE MORTGAGE & TRUST CO.

## Case No. 86-262 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

December 31, 1986

### APPEARANCES OF COUNSEL

**Ann Mason Parker** for appellant.

**Robert C. Toland** for appellee.

Before ROBINSON, KAYE, MASTOS, JJ.

## OPINION OF THE COURT

THEODORE G. MASTOS, Judge.

Appellant, Gwen Margolis, seeks reversal and remand of the order of Final Judgment entered in the County Court finding the alleged lease between A. J. Side Mortgage and Trust Company and the former owner/landlord to be valid and binding against the new landlord notwithstanding the fact that the lessee is permitted under the terms of the said lease the unilateral right to cancel at will.

1 *Williston on Contracts* § 105 (3d ed. 1957) succinctly states the applicable law as follows:

"An agreement wherein one party reserves the right to cancel at his pleasure *cannot* create a contract . . . [however,] *even a slight restriction* of the right of cancellation as constituting such legal detriment as *will satisfy the requirement of sufficient consideration*; for example, where the reservation of right to cancel is for cause, or by written notice, or after a definite period of notice; or upon the occurrence of some extrinsic event or is based on some objective standard." (Emphasis added.)

The subject lease in this case states in pertinent part:

"Lessee can cancel at any time making lease null and void."

Without a question, this language affords a tenant the unconditional, unfettered right to cancel at his own pleasure, whim or caprice — without any restrictions which might constitute "consideration" to the "old" or the "new" landlord.

Notwithstanding the above mentioned portion of the lease in question, the trial judge below found:

". . . as a matter of law, that the subject business lease agreement, for the initial term of one (1) year is valid, binding, is supported by good and valuable consideration and is therefore enforceable."

In this conclusion, we feel that the trial court judge erred as a matter of law. We hold that the lease in question was "void ab initio" as illusory and lacking in mutuality of obligation. See: *Pick Kwik Food Stores, Inc. v. Tenser*, 407 So.2d 216 (Fla. 2d DCA 1981), *pet. for rev. denied*, 415 So.2d 1361 (Fla. 1982); *E. I. DuPont de Nemours & Co. v. Claiborne-Reno Co.*, 64 F. 2d 224 (8th Cir. 1933); *Miami Coca-Cola Bottling Co. v. Orange Crush Co.*, 296 F. Supp. 994 (D.N.D. 1950); *Allington Towers North, Inc. v. Rubin*, 400 So.2d 86 (Fla. 4th DCA 1981); 1 *Williston on Contracts* (3d ed. 1957) § 104, at 401; *Burger Chef Systems, Inc. v. Burger Chef of Florida*, 317 So.2d 795 (Fla. 4th DCA 1975); *Restatement (Second) of Contracts*, § 77, Illustration 2 1981; *Lauren, Inc. v. Marc & Melfa, Inc.*, 446 So.2d 1138 (Fla. 3d DCA 1984).

Accordingly, the order of Final Judgment is hereby reversed and remanded with directions to proceed consistent herewith.