BARKDULL, Judge.
The parties, to apparently an action to collect on a contract to supply and repair oxygen concentrators, settled their differences by stipulation, which required the plaintiff, manufacturer and supplier, Hudson, to make certain inspections and repairs to thirty concentrators in the possession of the defendant, Advance. At the completion of said inspections, repairs and delivery of the first five concentrators, the defendant would commence the payment of $33,934.95 by paying $2,000.00 and a similar installment each thirty days thereafter until paid.[1]
This stipulation was approved by the trial court on November 20, 1987. Later the plaintiff filed a motion for final judgment, alleging, in accordance with the stipulation, the failure of the defendants to comply by not making payments pursuant to its *1359 terms. A judgment was entered ex parte [2] for the same amount of $33,934.95, plus interest, costs, and attorney’s fees on May 20, 1988. On November 29, 1988, the defendants moved to vacate the final judgment and enforce the stipulation contending that the installment payments had ceased because the plaintiff had failed to properly inspect and repair the first five concentrators. After hearing, the trial court vacated the final judgment, and in its order found that the stipulation of settlement to be void for lack of mutuality.
The plaintiff appeals and urges error in the trial court finding that the stipulation was invalid for lack of mutuality because the motion was filed more than one year after the order approving the stipulation, citing Florida Rules of Civil Procedure, Rule 1.540. We affirm.
First, the basis for refusing to enforce the stipulation could be sustained because it lacked mutuality, or second, because of after occurring facts, to wit: the failure of the plaintiff to properly repair the concentrators. The record would support an af-firmance on either theory and justify the trial court vacating the final judgment of May 20, 1988. Implied in the stipulation was an undertaking by the plaintiff to properly inspect and repair the concentrators. If not, the stipulation was invalid for lack of mutuality. See Pan-Am Tobacco Corporation v. Department of Corrections, 471 So.2d 4 (Fla.1985); Ocean Dunes of Hutchinson Island Development Corporation v. Colangelo, 463 So.2d 437 (Fla. 4th DCA 1985); Pick Kwik Food Stores, Inc. v. Tenser, 407 So.2d 216 (Fla. 2d DCA 1981); Allington Towers North, Inc. v. Rubin, 400 So.2d 86 (Fla. 4th DCA 1981). In any event, the trial court’s order vacating the final judgment is affirmed.
Affirmed.

. The stipulation provided in part, that the defendant would pay to the plaintiffs’ attorneys, $33,934.95. The plaintiff would inspect and repair the thirty oxygen concentrators on a one time only basis. The inspected or repaired concentrators would have a thirty day warranty from date of shipment back to the defendant along with any warranties under the master lease. The defendant would pay the first 12,000.00 of the aforementioned money upon execution of the stipulation, said money to be held in escrow until shipment of the first group of five concentrators from the factory back to the defendant. The remainder was to be paid in consecutive monthly installments of $2,000.00 commencing thirty days after the first payment was released from escrow. In the event the defendant failed to make any payment due and owing under the stipulation, after five days written notice of said breach, a final judgment could be entered by the court against the defendant for the amount stated in the complaint, minus *1359 any payments made, plus interest, costs, and reasonable attorney’s fees, without necessity of further notice or hearing.

. No notice of application was required, none was given, and a copy of the judgment was sent to the defendant at an address of its former place of business.