728 So.2d 330 (1999)
Ines VALENCIA, Appellant,
v.
CITIBANK INTERNATIONAL, a Federal Edge Act corporation, Appellee.
No. 98-1591.
District Court of Appeal of Florida, Third District.
March 10, 1999.
Rehearing Denied April 14, 1999.
Robert E. Weisberg, Coral Gables, and Karen D. Turner, Tallahassee, for appellant.
Holland & Knight and Daniel S. Pearson and Marilyn J. Holifield and Leon N. Patricios, Miami, for appellee.
Before NESBITT, LEVY, and GODERICH, JJ.
LEVY, Judge.
This is an appeal from an order of dismissal and Final Judgment entered against Ines Valencia ("Valencia") for failure to state a cause of action. We affirm.
Valencia brought suit against Citibank International ("Citibank") alleging defamation and compelled self-defamation. Specifically, Valencia alleged that Citibank's reasons for terminating her were false and that she was compelled to disclose the false reasons for her termination to prospective employers. Citibank filed a motion to dismiss the Complaint. After a hearing, the court dismissed the compelled self-defamation count with prejudice for failure to state a cause of action and dismissed the defamation count without prejudice. Thereafter, Valencia filed a voluntary dismissal as to the defamation count. Valencia appeals the dismissal of the compelled self-defamation count.
To state a cause of action for defamation, in Florida, a plaintiff must allege that (1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff. Seropian v. Forman, 652 So.2d 490 (Fla. 4th DCA 1995). Valencia asks us to set a precedent and recognize compelled self-defamation as an exception to the publication requirement.
Under the doctrine of compelled self-defamation the publication to a third person is, in essence, eliminated. Under the doctrine, a defendant will be liable for alleged defamatory statements she or he made to the plaintiff in private if the plaintiff is "compelled" to repeat or republish the alleged defamatory statements to a third party. See Lewis v. Equitable Life Assurance Society of the U.S., 389 N.W.2d 876 (Minn.1986). We hold that Florida law does not provide for an exception to the publication requirement of *331 defamation nor are we prepared to create such an exception.
Affirmed.