774 So.2d 714 (2000)
Richard MURRY, Appellant,
v.
ZYNYX MARKETING COMMUNICATIONS INC., Appellee.
No. 3D98-2682.
District Court of Appeal of Florida, Third District.
February 23, 2000.
Alvarez, Armas & Borron and J. Alfredo de Armas, Coral Gables; Lawrence J. McGuinness, for appellant.
Catlin, Saxon, Tuttle & Evans and Brian L. Fink, Miami, for appellee.
Before COPE and SORONDO, JJ., and NESBITT, Senior Judge.
SORONDO, J.
Richard Murry, plaintiff below, appeals a final summary judgment entered in favor of his former employer, Zynyx Marketing Communications, Inc. (Zynyx). We reverse.
Murry lived and worked in New York. He was offered a job by Zynyx which required him to move to Miami-Dade County. Negotiations began and a contract was ultimately entered into. As relevant to this proceeding, the contract read as follows:
Term. The initial term of [Murry's] employment by Zynyx shall be for a period of (1) year ("Initial Term") effective March 1, 1994 through March 1, 1995. Upon expiration of The Initial Term, this Agreement shall automatically renew for an additional one year term unless terminated in writing by [Murry] sending written notice of termination to Zynyx at any time prior to *715 the anniversary date of this Agreement.

(Emphasis added). The contract provided for Murry's employment as an executive of the company and spelled out his obligations in detail. It also provided grounds for his termination under the following circumstances: (a) breach of trust by Murry; (b) breach of fiduciary duty to Zynyx by Murry; and (c) violation of or breach of the terms of the non-disclosure, confidentiality and noncompetitive provisions of the agreement.
Murry could terminate the contract by giving sixty days' notice but would still be subject to the non-compete provisions of the contract and, if he terminated before the end of the first year, he was required to return a $2,500 signing bonus.[1]
Three years after the contract was signed, Zynyx terminated Murry. At the time of termination, the contract was into its fourth year. Murry was not fired for any of the reasons contained in the contract; rather, Zynyx took the position that he was an "at will" employee and could therefore be discharged at any time. Murry brought suit for improper termination.
The lower court entered summary judgment in favor of Zynyx. It found that the employment agreement in question did not contain a definite term of employment and must accordingly be deemed indefinite and terminable at the will of either party, and that the agreement also failed as a permanent employment contract for lack of consideration and lack of mutuality of obligation. We reverse.
It is axiomatic that the clear and unambiguous words of a contract are the best evidence of the intent of the parties. See Turk v. Hysan Prods. Co., 149 So.2d 584 (Fla. 3d DCA 1963). The words of this contract clearly contemplate that Murry would be employed for an initial period of one year with recurring one year terms thereafter. Murry acknowledges this and, consequently, seeks damages for only the remainder of the year he was not allowed to complete. The trial court's conclusion that the contract lacked mutuality, based on the court's perception that Zynyx could only terminate Murry for cause whereas Murry could terminate the contract at will, is incorrect.
The contract requires Murry to provide Zynyx with sixty days written notice of his intent to terminate the contract. This condition was sufficient to satisfy the mutuality requirement for the contract.[2] In Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530 (Fla. 4th DCA), review denied, 744 So.2d 456 (Fla.1999), the Fourth District Court of Appeal held that a ten-day notice requirement, afforded to workers by the employment contract at issue, before termination of the contract was sufficient to overcome a claim of lack of mutuality. See also Thompson v. Shell Petroleum Corp., 130 Fla. 652, 178 So. 413 (1938); Lauren, Inc. v. Marc & Melfa, Inc., 446 So.2d 1138 (Fla. 3d DCA 1984); Wright & Seaton, Inc. v. Prescott, 420 So.2d 623 (Fla. 4th DCA 1982)(contract which gave employer the right to terminate *716 employee upon "written notice" held to be sufficient as against a claim of lack of mutuality); Bossert v. Palm Beach County Comprehensive Community Mental Health Ctr., Inc., 404 So.2d 1138 (Fla. 4th DCA 1981)(two weeks notice of the right to terminate was sufficient consideration so as to avoid a claim of lack of mutuality).
Even if there had been a lack of mutuality at the inception, we are dealing here with an executed contract which would nevertheless be enforceable. In Wright & Seaton, Inc., the court held that lack of mutuality of contract is not a defense in the case of an executed contract. See 420 So.2d at 627 (quoting 17 C.J.S. Contracts § 100(3), at 799-800 (1963)):
Although a contract is lacking mutuality at its inception, such defect may be cured by the subsequent conduct of the parties. Want of mutuality is no defense in the case of an executed contract, and a promise lacking mutuality at its inception becomes binding on the promisor after performance by the promisee.
See Russell v. Martin, 88 So.2d 315 (Fla. 1956); Sugar Cane Growers Coop. of Fla., Inc. v. Pinnock, 735 So.2d 530 (Fla. 4th DCA 1999). See also Clark v. State, 651 So.2d 1309 (Fla. 3d DCA 1995); Madrigal v. State, 545 So.2d 392 (Fla. 3d DCA 1989). Accordingly, even if there was a lack of mutuality in the contract under review at its inception, the contract has been performed by both sides and such lack of mutuality presents no impediment to the executed contract.
The final summary judgment is reversed and this cause is remanded for further proceedings.
NOTES
[1] The clause in the employment agreement which deals with termination by Murry provides for 60 days' written notice and further states that Murry has the following obligations prior to leaving: "(a) Submit to and fully cooperate in an exit interview with the person or persons designated by Zynyx to perform such interviews; (b) Provide Zynyx with a written report containing all information requested by Zynyx regarding the Clients, Client accounts and customers handled and called upon by [Murry] during his employment hereunder; and (c) Assist in training and briefing [Murry's] replacement to the extent requested by Zynyx."
[2] We note that "the so-called requirement of mutuality of obligation is now widely discredited. It is consideration ... that is necessary, not mutuality of obligation." Arthur Linton Corbin, Corbin on Contracts § 6.1, at 197 (Joseph M. Perillo ed., rev. ed.1995). See also Restatement (Second) of Contracts § 79, which provides: "If the requirement of consideration is met, there is no additional requirement of ... `mutuality of obligation.'"