BARKDULL, Senior Judge.
We find from the record that the trial court committed no reversible error in the entry of the summary judgments and directed verdict under review.
The contract sued upon was drafted by appellant, Robobar Limited, and it was appropriate for the trial court to construe, as a matter of law, the contract’s expiration date. See Khosrow Maleki, P.A., v. M.A. Hajianpour M.D., P.A., 771 So.2d 628, 631 (Fla. 4th DCA 2000)(“The interpretation of a contract is a question of law”); Murry v. Zynyx Marketing Communications, Inc., 774 So.2d 714, 715 (Fla. 3d DCA 2000) (“It is axiomatic that the clear and unambiguous words of a contract are the best evidence of the intent of the parties”). As Robobar failed to demonstrate a breach during the term of the contract, the trial court’s directed verdict on the breach of contract claim was correct.
The directed verdict on the tortious interference count was also appropriate as any comments relating thereto were made by an interested party in a business relationship and, therefore, would not be actionable. See Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683 (Fla. 3d DCA 1986).
Finally, as to the count for defamation, no evidence was introduced to establish that the complained of remark was false or that any damage was suffered. See Razner v. Wellington Reg’l Med. Ctr., Inc., 837 So.2d 437, 442 (Fla. 4th DCA 2002); Valencia v. Citibank Int’l, 728 So.2d 330, 330 (Fla. 3d DCA 1999).
Therefore, the summary judgments under review and the final judgment based on the directed verdict are affirmed.
Affirmed.