[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10453
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-24542-RNS

HORACIO SEQUEIRA,

Plaintiff-Appellant,

versus

STEVEN STEINLAUF,
individual,
GEICO GENERAL INSURANCE COMPANY,
GATE SAFE, INC.,
AMERICAN AIRLINES, INC.,
a Corporation, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 21, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Horacio Sequeira, proceeding *pro se*, appeals the district court's final judgment granting summary judgment and dismissing his third amended complaint. He also appeals the district court's orders dismissing his second amended complaint and denying his motion to amend the scheduling order and leave to file a fourth amended complaint. On appeal, he argues, first, that the district court erroneously converted American Airlines, Inc.'s ("American") motion to dismiss into a motion for summary judgment. Second, he argues that the district court abused its discretion in dismissing new parties and claims alleged in his second amended complaint for violating its scheduling order because the authorization order was ambiguous. He also argues that the court erred in dismissing his claims against American for failure to state a claim.

Third, he argues that the district court abused its discretion in denying his motion to amend the scheduling order and leave to file a fourth amended complaint because he established good cause. Finally, he argues that the court erred in granting summary judgment on his defamation claim because he presented evidence that his former employer, Gate Safe, Inc. ("Gate Safe"), made false statements against him.

2

I.

We review *de novo* a district court's grant of a motion to dismiss. *SFM Holdings, Ltd. v. Banc of Am. Securities, LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010). We may *sua sponte* raise the issue of whether a district court failed to abide by Federal Rule of Civil Procedure 56's notice requirements. *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1985).

If a district court considers matters outside the pleadings in adjudicating a Rule 12(b)(6) motion to dismiss, the motion is converted into a Rule 56 motion for summary judgment. *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1267 (11th Cir. 2002). Where conversion occurs, the district court must notify the parties of the conversion and give them a reasonable time to respond. *Id.*; Fed R. Civ. P. 56(f). Failure to abide by Rule 56's notice requirement constitutes reversible error. *Ga. State Conference of N.A.A.C.P. v. Fayette Cty. Bd. Of Comm'rs*, 775 F.3d 1336, 1344 (11th Cir. 2015).

Because the district court did not consider matters outside of the pleadings in dismissing Sequeira's second amended complaint, it did not convert American's motion to dismiss into a motion for summary judgment.

II.

We have an obligation to satisfy ourselves of our own jurisdiction and may raise the issue *sua sponte*. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto*

3

*Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007). We review jurisdictional issues *de novo*. *Id.* We review dismissals for violating court orders for abuse of discretion. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Federal courts have "'no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Zinni v. ER* Solutions, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). Mootness is jurisdictional. *Sierra Club v. U.S. E.P.A.*, 315 F.3d 1295, 1299 (11th Cir. 2002). Review of the dismissal of an amended complaint may become moot where the plaintiff was allowed to file a subsequent amended complaint. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 n.10 (11th Cir. 1999).

We lack jurisdiction to review the district court's order dismissing Sequeira's second amended complaint because the dismissal was rendered moot by Sequeira's third amended complaint. To the extent that the dismissal of some of the claims was not rendered moot, the district court did not abuse its discretion in dismissing Sequeira's claims against GateGroup and LSG, and new claims against Gate Safe and American. Sequeira's first amended complaint listed only Gate Safe, Geico, and American as defendants, and raised only negligence, assault, libel,

slander, wrongful discharge, and lost wages claims.  The district court's January 20, 2017, scheduling order informed Sequeira that the deadline date for joining additional parties or amending pleadings was February 24, 2017.   Sequeira violated that order by adding LSG and GateGroup as defendants in his second amended complaint, and raising new claims-specifically new negligence, age discrimination, failure to accommodate, failure to engage in the interactive process, harassment, breach of contract, and retaliation claims.  Although Sequeira had not been engaged in a pattern of violating the district court's orders, he was not prejudiced by the dismissal because it was without prejudice. *Dynes v. Army Air Force Exch. Serv*., 720 F.2d 1495, 1499 (11th Cir. 1983).   And, the district court's decision to strictly enforce the terms of its scheduling order and dismiss the additional parties and claims was not an abuse of discretion. *See Josendis v. Wall to Wall Residence Repairs, Inc*., 662 F.3d 1292, 1307 (11th Cir. 2011).

Sequeira's argument that he misunderstood the district court's instructions permitting him to file a second amended complaint is unavailing.  The district court's grant of leave to file a second amended complaint was explicit in that he could file an amended complaint addressing the deficiencies in his first amended complaint.   These instructions were unambiguous, because the only deficiencies referenced by the court in its order were factual deficiencies with regards to his negligence claim against Geico and American, and his assault, libel, and

slander claims against Gate Safe.  Thus, the district court did not abuse its discretion in dismissing Sequeira's claims against LSG and GateGroup, and his additional claims against Gate Safe and American.

The district court did not err in dismissing Sequeira's negligence claims against American because there was no employer/employee relationship between American and any of the workers alleged in the second amended complaint. Negligent hiring, training, and retention claims brought under Florida law all require the existence of an employer/employee relationship in order to be actionable.  *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1265 (11th Cir. 2001) (applying Florida law); *Malicki v. Doe*, 814 So.2d 347, 361-62 (Fla. 2002); *Garcia v. Duffy*, 492 So.2d 435, 438-39 (Fla. Dist. Ct. App. 1986).  Sequeira alleged that both American and LSG hired workers to operate American trucks to collect food carts from warehouses managed by American and LSG.  However, Sequeira alleged that prior to picking the carts up, only LSG workers lined up the carts for inspection.  Further, the individual who caused Sequeira's injury, failed to seek medical assistance, and failed to report the incident—Abdiel—was alleged to be an LSG employee.  The other alleged negligent actors, Campbell, Maria, Latchu, and Rodriguez, were all Gate Safe employees.  Although Sequeira alleged that American was negligent in hiring, training, and retaining its employees, he did not identify a single American employee involved in his injury.  Thus, because

6

Sequeira did not allege that any American employees negligently caused him harm, the district court did not err in dismissing his negligent hiring, training, and retention claims against American.

Also, the district court did not err in dismissing Sequeira's negligence claim because American had no duty to protect Sequeira from the risk of being hit by food carts. As discussed above, the only workers alleged to be involved in the lining up of food carts for inspection were those of LSG. Therefore, American could not be liable for the actions of LSG's employees absent a special relationship between LSG's employees lining up the food carts and American. *KM ex rel. D.M v. Publix Super Markets, Inc.,* 895 So.2d 1114, 1117 (Fla. Dist. Ct. App. 2005). As Sequeira concedes, American had no control over LSG employees, and, as such, no special relationship existed and American could not be held liable for LSG's employee's negligence in lining up the carts. *See id.* Finally, Sequeira does not challenge the district court's determination that American could not be held liable because the dangerous condition was open or obvious, but rather argues that, as a matter of public policy, American should have been held liable anyway. Because this argument was not before the district court when it dismissed Sequeira's second amended complaint, this Court need not address it now on appeal. *Access Now, Inc. v, Southwest Airlines Co.*, 385 F.3d 1324, 1331-32 (11th Cir. 2004).

7

III.

We review the denial of a motion to amend a complaint for abuse of discretion. *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1012 (11th Cir. 2005). To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must challenge every stated ground, or we will summarily affirm. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Where a party that seeks to file an amended complaint after already having previously done so, it may do so "only with the opposing party's written consent or the court's leave," which should be granted when justice requires. Fed. R. Civ. P. 15(a)(2). Where the request to file an amended complaint is made after the time provided by the court's scheduling order, the party must show good cause under Rule 16(b). *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998); Fed. R. Civ. P. 16(b)(4).

Because Sequeira does not contest every ground that the district court gave in denying his motion to modify the scheduling order and leave to file a fourth amended complaint, we summarily affirm the denial of his motion.

IV.

We review a district court order granting summary judgment *de novo*, viewing "the evidence and all reasonable inferences drawn from it in the light most

8

favorable to the nonmoving party." *Battle v. Bd. of Regents.*, 468 F.3d 755, 759 (11th Cir. 2006).

A district court may grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).  If shown, the burden shifts to the nonmoving party to show that a genuine issue of fact exists.  *Id.*  Summary judgment should be granted against a party who fails to establish the existence of an essential element of their case for which they will bear the burden of proof at trial.  *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016).  A district court may not consider unsworn statements in ruling on a motion for summary judgment.  *Carr v. Tatangelo*, 338 F.3d 1259, 1273 n.26 (11th Cir. 2003).

A defamation claim brought under Florida law requires that the plaintiff show that "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the defendant."  *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. Dist. Ct. App. 1999).

Because Sequeira did not present evidence of any false statements made by Gate Safe, the district court did not err in granting summary judgment on his defamation claim.

9

**AFFIRMED.**